HENRY PERRY v. THE STATE.

No. 1558. Decided June 25, 1898.

### 1. Swindling—Allegation and Proof—Variance.

Where the indictment for swindling alleged that the defendant procured the money from one D. B., as agent for J. B., upon a note and mortgage, but the instruments when offered in evidence appeared to be executed by defendant directly to J. B., upon property which defendant did not own; Held, the evidence showing that D. B. got the money from J. B. and loaned it to defendant, who executed and delivered to him, as agent of J. B., the note and mortgage which ran only in the name of J. B., did not constitute a variance.

### 2. Same—Felony and Misdemeanor—Limitation—Charge.

On a trial for swindling by obtaining money upon horse stock, part of which was shown to be falsely claimed to be owned by defendant, where the court in effect instructed the jury that if, after deducting the value of the property defendant really owned at the time from the amount of the note and mortgage, the sum would be less than $50, they should acquit defendant altogether; Held, the charge was correct, it appearing that limitation would bar a prosecution for the offense if it amounted to only a misdemeanor.

### 3. Same—Felony Conviction—Evidence Insufficient.

On a trial for swindling by a false claim of ownership to horse property, where the evidence showed that defendant did own one of the animals, which was worth $5, and that if this amount was deducted from the amount fraudulently obtained it would leave less than $50; Held, a conviction for a felonious swindle could not be sustained, the amount of the swindle being only a misdemeanor under our law.

APPEAL from the District Court of Fannin. Tried below before Hon. E. D. McCLELLAN.

Appeal from a conviction for swindling; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*J. C. Meade,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at confinement in the penitentiary for a term of two years.

The charge of swindling was predicated on the alleged representation by appellant to one Dick Bragg, who acted as the agent of John Bragg, that he was the owner of a certain gray mare and two certain mules, and that he had a right to mortgage the same; and by means of said representations, and the execution of his note for $60, and a certain mortgage on said animals to secure said note, he obtained from said Dick Bragg, as the agent of John Bragg, the sum of $50. The evidence on the part of the State tended to show that he made the representations in question, and that he was not the owner of the two certain mules mortgaged, but was the owner of the certain gray mare. The prosecutor alleged that he would not have loaned the money, except on the representations by appel-

lant that he owned the two mules; that he knew the gray mare, having owned her, and that he would not have loaned the money on her; that she was not worth more than $5. The proof showed that previous to the taking of said mortgage the prosecutor had sold said mare to appellant; that after he took the mortgage he got possession of said mare from the son of appellant, and sold said animal to him, taking his note for $27. The proof showed that the date of the transaction was January 3, 1895, and when this indictment was presented, on the 25th of March, 1897, said note and mortgage were unpaid, except the sum of $10 indorsed on the back of said note as paid in October, 1895.

Appellant insists that the indictment should have been quashed because there is a variance between what he terms the "purport and tenor clauses" of said indictment. He alleges that the indictment shows that the note and mortgage were executed and delivered to Dick Bragg as the agent of John Bragg, whereas the mortgage and note, as set out in the indictment, show that they were executed to John Bragg; there being no recitation in said papers that Dick Bragg had anything to do with the same. In reply to this, we would state that the proof showed conclusively that the transaction by which the loan was extended was between appellant and Dick Bragg. Appellant applied to Dick Bragg for a loan, and he informed him that he did not have the money himself, but he would see his brother John, and perhaps he might get the money from him for him. He did obtain $50 from John Bragg, and loaned it to appellant, who executed the papers, and delivered the same to him, as agent for John Bragg. John Bragg himself had nothing to do with the transaction, except through Dick Bragg. In our opinion, there was no variance.

Appellant claims that the court erred in not giving the special charge asked by him on the subject of misdemeanor. Said charge, in substance, instructed the jury, if they found from the evidence that appellant owned a part of said stock, to subtract the market value of said stock from the amount borrowed by appellant of Bragg, and then, if they found that the balance did not amount to $50, that they could only find appellant guilty of a misdemeanor. The court, however, instructed the jury on this subject, not in the same words, but to the same effect, and told them, if they found the balance obtained by appellant, after deducting the market value of the property that he really owned at the time, was less than $50, to acquit him altogether of the misdemeanor, because the same was barred at the time of finding the indictment. This charge, we think, was correct, and covered the very question presented in appellant's special instruction.

Appellant, however, raises another question; that is, that the verdict of the jury is not supported by the evidence. The evidence shows without controversy that appellant at the time of the transaction did own the gray mare, and that she was worth at that time at least $5, according to the prosecutor's own testimony, and that, if this amount was deducted from the $50 obtained by appellant, it would only leave $45, which would

make the offense a misdemeanor; and that consequently, appellant could not be convicted of a felony. We think this contention of appellant is correct (see Gaskins v. State [Texas Criminal Appeals], 38 Southwestern Reporter, 470), and the judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*