## Minnie Blonk v. The State.

### No. 7097.   Decided November 8, 1923.

### Rehearing Denied March 14, 1923.

**1.—Manufacturing Intoxicating Liquor—Misconduct of Jury—Impeaching Verdict.**

Where the ground set forth in the instant motion for new trial on account of misconduct of the jury does not appear as one of those enumerated in the statute, same was properly overruled, besides the juror may not impeach his own verdict by saying that he did not understand the testimony.

**2.—Same—Indictment—Motion to Quash—Statutes Construed—Suspended Sentence.**

The offense of manufacturing intoxicating liquor is not changed nor affected by the provisions of the amendment of the Dean law, and the fact that it provides that one who is over the age of twenty-five should not be entitled to the benefit of a suspended sentence is not ex post facto. There was no error in overruling the motion to quash the indictment, nor was it necessary to negative the exceptions in the statute. Neither is there any conflict between the State and the Federal law.

**3.—Same—Question and Answer Form—Bill of Exceptions.**

Where the bills of exceptions are in question and answer form, and do not come within the exception, the motion to strike out is sustained.

**4.—Same—Jury and Jury Law—Practice on Appeal.**

A refusal to grant a motion that the jurors not yet examined upon their voir dire should be retired is not reversible error unless injury appears. Following Crow v. State, 89 Texas Crim. Rep., 159.

**5.—Same—Suspended Sentence—Age of Defendant.**

The benefit of suspended sentence being denied under the present law for the offense charged against defendant, who was over twenty-five years of age, there was no error in the court's refusal to permit the defendant to read the plea of suspended sentence or submit a requested charge thereon.

**6.—Same—Election of State—Charge by Court—Requested Charge.**

Where the indictment contained but one count, there was no error to refuse appellant's motion to require the State to elect, nor in the refusal of a requested charge for acquittal.

**7.—Same—Objections to Charge—Practice on Appeal.**

Where defendant's objections to the court's charge involved matters which have all been decided adversely to defendant, they need not be considered.

**8.—Same—Circumstantial Evidence—Charge of Court—Argument.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence did not raise the issue of circumstantial evidence, there was no error in the court's failure to charge thereon, and where attorneys were permitted to conclude their argument within the time allotted by the court, there was no ground of complaint.

Appeal from the District Court of Bastrop. Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mauer* and *Hair*, and *Joe H. H. Graham*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Bastrop County of the offense of manufacturing intoxicating liquor, and her punishment fixed at confinement in the penitentiary for a period of two years. There is no brief on file for the appellant.

Appellant made a motion for new trial based upon the affidavits of two of the jurors and in said motion requested the court to hear evidence, which the court did. Said two jurors appeared before the court and testified that they misunderstood the testimony of a State witness. Article 837 of our Code of Criminal Procedure lays down all the grounds upon which a new trial may be granted a defendant. The ground set forth in the instant motion does not appear as one of those enumerated in the statute. We do not believe that a juror may impeach his own verdict by attempting to say that he did not understand the testimony of a witness.

Appellant made a lengthy motion to quash the indictment and complains of the court's refusal of said motion in her bill of exceptions No. 1. We do not think the offense of manufacturing intoxicating liquor is in anywise changed or affected by the provisions of the amendment of the Dean law appearing in Chapter 61, Acts of First and Second

Called Sessions of the Thirty-seventh Legislature. The fact that one of the sections of said amendment provides that an offender against said law who is over the age of twenty-five shall not be entitled to the benefit of a suspended sentence, is not considered by us to be an exercise of power beyond that confided to the Legislature, nor do we think said provision can be construed as an amendment to the penalty for the offense charged against appellant. This court has held that it is not necessary for an indictment charging a violation of the Dean law as same now is to negative the exceptions contained in the statute. Crowley v. State, 92 Texas Crim. Rep., 193, 242 S. W. Rep., 472. That the Dean law is in conflict with the Volstead act was decided against appellant in Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

The State moves to strike out appellant's bills of exception Nos. 2, 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14 for the reason that all of said bills are in question and answer form. We have examined each of said bills and find that none of them come within the exception that questions and answers are allowed when the objection made is dependent upon the form of the question or of the answer. Finding said bills subject to the objection made by the State, the motion to strike out is sustained and said bills of exception will not be considered.

Appellant's bill of exceptions No. 5 is refused by the trial court for the reason stated, that the jurors not yet examined upon their voir dire were retired from the courtroom at the request of appellant's counsel. A refusal to grant this motion would not be reversible error unless injury was made to appear. Crow v. State, 89 Texas Crim. Rep., 159.

The benefit of suspended sentence being denied by statute to one on trial for the offense charged against appellant and who is over twenty-five years of age, it being admitted that appellant was more than said age, there was no error in the court's refusal to permit appellant to read to the jury her application for suspended sentence, and to refuse to give a special charge submitting that issue, and also to refuse to submit same in the main charge. Robinson v. State, 92 Texas Crim. Rep., 527; Davis v. State, opinion Nov. 1, 1922.

There was no error in the refusal of appellant's motion for an instructed verdict and her requested charge to the same effect. The indictment herein did not contain two counts and it was not error for the court to refuse appellant's motion to require the State to elect.

Appellant's bill of exceptions No. 17 sets forth her objections and exceptions taken to the charge of the trial court. We have carefully examined each of the matters contained in said exceptions and find them to be only of matters which have all been decided by this court against the contention of appellant and we do not feel called upon to write further regarding same.

Appellant also has a complaint of the refusal of the trial court to submit the law of circumstantial evidence. We have carefully exam-

ined the facts in evidence and think the trial court not in error in his action in this regard. At the time of her arrest the officers found in the barn of appellant a complete still under which there was a fire burning and in which mash was cooking and from which whisky was dripping into a receptacle. There was also found seven or eight gallons of manufactured whisky. The officers went to appellant's home with a search warrant and found liquor in process of manufacture in the early part of December, 1921. Another witness testified that he went to appellant's home in the early part of December and that appellant was washing in her yard. Appellant accompanied the witness to her barn where he saw whisky coming out of a copper tube in the lower end of a tub. Appellant gave witness a drink of said whisky. The witness testified that appellant invited him to go down to the barn on said occasion. He also testified that there was no one at the place except appellant and her children. From the record it appears that the visit of this witness was on the day preceding the night on which the officers went to appellant's home. From what we have stated of the facts it is apparent that there was no need for a charge on circumstantial evidence. There also appears a complaint of the court's limitation of the time for argument. This bill of exceptions is qualified by the statement that the attorneys for appellant concluded their argument within the time allotted and without being notified or stopped by the court.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

### ON REHEARING

HAWKINS, JUDGE.—We have examined the record again in the light of appellant's motion for rehearing. It has only served to confirm our views expressed in the original opinion. The motion for rehearing is overruled.

*Overruled.*