## JIM HAYS V. THE STATE.

No. 9332.   Delivered December 16, 1925.

Rehearing January 27, 1926.

**1.—Selling Intoxicating Liquor—Evidence—Of Joint Sale—Sufficiently Shown.**

Where, on a trial for a joint sale of intoxicating liquor, the testimony showed that both of the joint purchasers, as charged in the indictment were present, negotiated with appellant for the purchase of half a gallon of whiskey, which appellant delivered to them jointly, and received therefor a check for six dollars, we cannot agree that any variance was shown, or that the sale, if shown, was made to but one of the parties charged in the indictment.

**2.—Same—Charge of Court—Held, Proper.**

Where the court in his main charge affirmatively instructed the jury that they must find that the sale, if any, was made jointly to Barton and Bruce, there was no error in his failure to specifically charge that the

jury could not convict if said sale was made to Barton alone or to Bruce alone. There was no evidence in the case raising such an issue.

ON REHEARING.

3.—Same—Evidence—Of Payment for Liquor—Held, Sufficient.

Where, on a trial for the sale of intoxicating liquor, the evidence established that the purchasers paid to appellant a check for six dollars it was not necessary to either show that the check was cashed or that there was funds on deposit to pay same. Having delivered the whiskey and accepted the check in payment, the sale was complete.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Bumpass & Wade* of Terrell, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Kaufman County for the offense of selling intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

The case was submitted to the jury on the third count in the indictment which follows the language of the Statute and charges that the sale was made to Earnest Bruce and J. I. Barton.

The appellant very earnestly contends that the court erred in submitting the case on the third count in the indictment for the reason that the evidence is entirely insufficient to support the verdict on such count charging a joint sale to Earnest Bruce and J. I. Barton. It is appellant's contention that the evidence wholly fails to show that any sale was made to these parties jointly, but that if any sale was made that it was made to Barton alone. The facts as disclosed by the record are enlightening on the proposition urged by the appellant and hence we quote the following from Barton's testimony: .

"I remember the occasion of the Cedarvale picnic in Kaufman County, in July; I went to that picnic with Earnest Bruce. * * * I did not see Jim Hays all that day; I came back here on Friday after the picnic; it was on Friday morning after I had seen Winebarger at the picnic. From the picnic we

went out on the highway and started home. We did not stop anywhere only when the 'law' arrested us. We bought some whiskey that morning about 9:00 o'clock. We bought it from Jim Hays. We drove up there and got out and went around the house and told Jim Hays we wanted some whiskey; in a little while Mr. Winebarger walked up. Mr. Hays asked us how much we wanted and I told him a half gallon and he went and got a sack and brought it down there, the whiskey was in a fruit jar in a tow sack. We paid him by check on the First State Bank of Wills Point with his name on the check. It was made payable to Mr. Hays. He said make it payable to cash. We tore that one up and made one payable to cash. Ernest Bruce wrote the check and I signed it. It was for six dollars, made payable to cash. I gave the check to Jim Hays."

Ernest Bruce, the other alleged joint purchaser, testified among other things to the following:

"I know J. I. Barton. I remember of coming to a picnic at Cedarvale in Kaufman County, Texas, with him. We bought some whiskey on that trip. We bought it from Mr. Hays. We found him at Mr. Winebarger's. When we went over there we talked to this fellow Hays. We told him we wanted some whiskey and he went and got some. We got a half gallon. We paid Mr. Hays for the whiskey. We first wrote a check payable to Mr. Hays then wrote one payable to cash. I wrote that check. Mr. Barton signed the check. This man here took the check. I drank some of that whiskey that we got. It made me drunk. The officers caught us with some of it. We were drunk when they caught us."

To hold that this testimony does not cogently raise the issue of a joint sale to both Bruce and Barton would be to trifle with the plain import and meaning of language. The evidence in our opinion not only raises the issue of a joint sale, but from the State's standpoint a joint sale is undisputably shown.

Appellant complains in his exceptions to the court's charge to the effect that the defendant was entitled to an affirmative charge that the sale must have been a joint one and not in general terms as submitted, and also that they could not convict if said sale was made to Barton alone or Bruce alone. His complaint in this regard is without merit. The court expressly told the jury that before they could convict the defendant they must believe from the evidence beyond a reasonable doubt that the liquor was sold to Barton and to Bruce. In addition to this the court correctly charged on the burden of proof,

the presumption of innocence and a reasonable doubt. We think these charges fully protect appellant's rights in the matter.

Appellant complains that the testimony is insufficient to show the amount of the check which was made payable to cash, and also to the effect that there was no evidence as to whether or not the prosecuting witness, Barton, had an account upon the bank on which it was drawn or ever had an account, and further that the evidence shows that the check was not cashed. These complaints are, in our opinion, without merit. When the liquor was delivered in consideration for the check, the sale was consummated and if the check was not collectable at the bank on which it was drawn, this would not constitute a defense to the sale of the liquor. As to the amount of the check, we think it sufficiently shown by the testimony of Barton; his testimony indicates to our minds that the check was drawn for the sum of six dollars and if appellant was not satisfied as to the amount of the check he had the opportunity to show by cross-examination of Barton that it was not given for any amount. He failed to avail himself of the privilege of cross-examination as to this matter and we believe that in this state of the record, the evidence is entirely sufficient to warrant the jury in concluding that the check was drawn for the sum of six dollars.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that proper disposition of the case has heretofore been made.

We are unable to bring ourselves in accord with the appellant's position that there was no evidence warranting a finding by the jury that the sale was made to Barton and Bruce jointly. From Barton's testimony we quote:

"Well, Bruce spoke for the whiskey but he said he did not have the money and I told him I would give the check and he could pay me when we got home."

: He further said that the last statement received from the bank did not show the check to have been cashed; that it was given on the 25th of July, and that he had not received his bank statements since that time.

Bruce said that he thought Barton did the talking; that Barton and Hays went to the side of the house and got the whiskey; that Hays had it in a sack. He said:

"I went around the house to get a drink of water and I think the whiskey was put in the car while I was gone. The check was given the same day that we bought the whiskey. We were all sitting out in front of the gallery when we gave that check."

So far as there arises from the evidence the theory that the sale was made to Barton rather than to Bruce and Barton jointly, the issue was sufficiently presented to the jury, and their finding that it was joint is supported by the evidence.

The motion is overruled.

*Overruled.*