## HAYS v. STATE. (No. 9332.)

(Court of Criminal Appeals of Texas. Dec. 16, 1925. Rehearing Denied Jan. 27, 1926.)

1. **Intoxicating liquors** ⊚═236(15)—**Evidence held to show sale of intoxicating liquor to two parties jointly.**

Evidence *held* to raise issue and support conviction for sale of intoxicating liquor to two parties jointly.

2. **Intoxicating liquors** ⊚═239(6)—**Charge in prosecution for unlawful sale of intoxicating liquor held to sufficiently cover necessity of joint sale.**

Charge of court, in prosecution for unlawful sale of intoxicating liquor, that jury must believe beyond a reasonable doubt that liquor was sold to two named persons, *held* to sufficiently cover question of necessity of joint sale.

3. **Intoxicating liquors** ⊚═146(1)—**That check given in payment is not collectible is no defense against conviction for the sale.**

That check, given in payment for intoxicating liquor, is not collectible at bank on which it is drawn is no defense against conviction for the sale.

4. **Intoxicating liquors** ⊚═236(11)—**Evidence held sufficient to show amount of check given in payment for liquor.**

In prosecution for selling intoxicating liquor, evidence *held* sufficient to show that check given in payment for liquor was drawn for sum of $6.

Commissioners' Decision.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Jim Hays was convicted for selling intoxicating liquor, and he appeals. Affirmed.

Bumpass & Wade, of Terrell, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The appellant was convicted in the district court of Kaufman county for the offense of selling intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

The case was submitted to the jury on the third count in the indictment, which follows the language of the statute, and charges that the sale was made to Ernest Bruce and J. I. Barton.

[1] The appellant very earnestly contends that the court erred in submitting the case on the third count in the indictment, for the reason that the evidence is entirely insufficient to support the verdict on such count charging a joint sale to Ernest Bruce and J. I. Barton. It is appellant's contention that the evidence wholly fails to show that any sale was made to these parties jointly, but that, if any sale was made, it was made

to Barton alone. The facts, as disclosed by the record, are enlightening on the proposition urged by the appellant, and hence we quote the following from Barton's testimony:

"I remember the occasion of the Cedarvale picnic in Kaufman county in July. I went to that picnic with Ernest Bruce. * * * I did not see Jim Hays all that day. I came back here on Friday after the picnic. It was on Friday morning after I had seen Winebarger at the picnic. From the picnic we went out on the highway and started home. We did not stop anywhere only when the 'law' arrested us. We bought some whisky that morning about 9 o'clock. We bought it from Jim Hays. We drove up there, and got out, and went around the house, and told Jim Hays we wanted some whisky. In a little while Mr. Winebarger walked up. Mr. Hays asked us how much we wanted, and I told him a half gallon, and he went and got a sack and brought it down there. The whisky was in a fruit jar in a tow sack. We paid him by check on the First State Bank of Wills Point with his name on the check. It was made payable to Mr. Hays. He said make it payable to cash. We tore that one up and made one payable to cash. Ernest Bruce wrote the check and I signed it. It was for $6, made payable to cash. I gave the check to Jim Hays."

Ernest Bruce, the other alleged joint purchaser, testified, among other things, to the following:

"I know J. I. Barton. I remember of coming to a picnic at Cedarvale in Kaufman county, Tex., with him. We bought some whisky on that trip. We bought it from Mr. Hays. We found him at Mr. Winebarger's. When we went over there we talked to this fellow Hays. We told him we wanted some whisky, and he went and got some. We got a half gallon. We paid Mr. Hays for the whisky. We first wrote a check payable to Mr. Hays, then wrote one payable to cash. I wrote that check. Mr. Barton signed the check. This man here took the check. I drank some of that whisky that we got. It made me drunk. The officers caught us with some of it. We were drunk when they caught us."

To hold that this testimony does not cogently raise the issue of a joint sale to both Bruce and Barton would be to trifle with the plain import and meaning of language. The evidence in our opinion not only raises the issue of a joint sale, but from the state's standpoint a joint sale is undisputedly shown.

[2] Appellant complains in his exceptions to the court's charge to the effect that the defendant was entitled to an affirmative charge that the sale must have been a joint one and not in general terms as submitted, and also that they could not convict if said sale was made to Barton alone or Bruce alone. His complaint in this regard is without merit. The court expressly told the jury that before they could convict the defendant they must believe from the evidence beyond a reasonable doubt that the liquor was

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sold to Barton and to Bruce. In addition to this, the court correctly charged on the burden of proof, the presumption of innocence, and a reasonable doubt. We think these charges fully protect appellant's rights in the matter.

[3, 4] Appellant complains that the testimony is insufficient to show the amount of the check which was made payable to cash, and also to the effect that there was no evidence as to whether or not the prosecuting witness, Barton, had an account upon the bank on which it was drawn or ever had an account, and, further, that the evidence shows that the check was not cashed. These complaints are, in our opinion, without merit. When the liquor was delivered in consideration for the check, the sale was consummated, and, if the check was not collectible at the bank on which it was drawn, this would not constitute a defense to the sale of the liquor. As to the amount of the check, we think it sufficiently shown by the testimony of Barton. His testimony indicates to our minds that the check was drawn for the sum of $6, and, if appellant was not satisfied as to the amount of the check, he had the opportunity to show by cross-examination of Barton that it was not given for any amount. He failed to avail himself of the privilege of cross-examination as to this matter, and we believe that, in this state of the record, the evidence is entirely sufficient to warrant the jury in concluding that the check was drawn for the sum of $6.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Our re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that proper disposition of the case has heretofore been made.

We are unable to bring ourselves in accord with the appellant's position that there was no evidence warranting a finding by the jury that the sale was made to Barton and Bruce jointly. From Barton's testimony we quote:

"Well, Bruce spoke for the whisky, but he said he did not have the money, and I told him I would give the check, and he could pay me when we got home."

He further said that the last statement received from the bank did not show the check to have been cashed; that it was given on the 25th of July; and that he had not received his bank statements since that time.

Bruce said that he thought Barton did the talking; that Barton and Hays went to the side of the house and got the whisky; that Hays had it in a sack. He said:

"I went around the house to get a drink of water, and I think the whisky was put in the car while I was gone. The check was given the same day that we bought the whisky. We were all sitting out in front of the gallery when we gave that check."

So far as there arises from the evidence the theory that the sale was made to Barton rather than to Bruce and Barton jointly, the issue was sufficiently presented to the jury, and their finding that it was joint is supported by the evidence.

The motion for rehearing is overruled.