## HUBERT JENNINGS V. THE STATE.

No. 15355.   Delivered November 2, 1932.
Reported in 54 S. W. (2d) 102.

The opinion states the case.

*W. W. Kirk,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

It was charged in the indictment that appellant sold intoxicating liquor to Harley Ward.   It appears that appellant's friends called him "Fat."   Ward testified that he went to appellant's home on the night of November 1, 1930, with Leslie Green, for the purpose of getting some whisky.   On direct-examination he said:   "Me and Leslie Green went in and Leslie asked him if he had any whisky; he said 'Yes,' and we told him we wanted some and 'Fat' went in and got the whisky and I gave him a check for one dollar and fifty cents on the Petersburg bank.   I do not know where the check is now.   We got a pint of whisky.   'Fat' brought back about one-half gallon. We got the whisky in a pint bottle."

The witness testified on cross-examination that he did not tell appellant he wanted to buy the whisky, and that appellant made no inquiry of him as to what he wanted. He said appellant did not tell him he wanted to sell him any whisky nor what he charged for whisky. He testified, further, that when he wrote the check he had no money in the bank. He said: "I did not put any name on the check showing to whom it was paid, and I never told him to write his name in the check. I just wrote out the check without any name in it, and laid it on the table. I never asked him if he wanted to sell any whisky, and never told him I wanted to buy and whisky. * * * I don't remember whether the defendant said he would give us some whisky."

Upon being further questioned by the district attorney on redirect examination, the witness testified that he wrote out the check and told appellant he would give it to him. He said he wrote the check for a dollar and a half because he knew that was the usual and customary price for a pint of whisky. He said, further, he did not see what became of the check. Further, the witness testified as follows: "I stated that at the time I gave the check that I knew I had no money in the bank. The defendant never after that mentioned the check to me. Hubert Jennings never after that said that he had presented the check at the bank for payment and that it was no account. The defendant never after that asked me for any pay for the liquor. The reason I wrote a dollar and a half in the check shows that that was the price around Petersburg and in that neighborhood."

Again the witness testified that he had no money in the bank at the time he wrote the check and had had none since writing it. The purchaser's companion, Leslie Green, testified, in substance, that he and Ward went to appellant's house on the occasion in question for the purpose of getting some whisky; that he told appellant he and Ward wanted a pint of whisky; that appellant replied, "This is the life of a bootlegger," and went out of the house and brought back two jars of whisky; that appellant delivered a pint of whisky to them, and Ward wrote a check for a dollar and a half, and asked appellant what to do with the check; that appellant replied, "Lay it on the organ there in the house"; that appellant told Ward not to make the check payable to him, but to leave the name in the check blank.

Appellant testified that the parties came to his house on the occasion in question and asked for a drink of whisky. He

said that Leslie Green said something about wanting to buy the whisky, but he told him he did not want to sell it, but would give it to him. Further, appellant testified as follows: "Harley Ward said he wanted to give me a check and I told him I did not want his check. I tore the check up. I looked at the check the next morning. My name was not in the check. He did not tell me to write any name in the check. I never did mention the check to him. I never did ask him for any pay for the whisky. * * * I did not tell him I wanted to sell it to him. There was no price made, and none mentioned. Leslie said he wanted to buy it, but l told him I would give it to him. Harley Ward never said he wanted to buy any liquor. I did not price him any. There was nothing said about any pay by him, only Leslie."

On cross-examination, appellant admitted that Ward wrote out a check for one dollar and fifty cents but declared that he (appellant) never presented the check for payment. He said that he did not know whether Ward had any money in the bank or not. Appellant introduced a witness who was present in the house with him. This witness gave testimony corroborative of that of appellant.

The court defined the term "sale." In applying the law to the facts, the jury were instructed that if they believed that appellant gave the liquor in question to Harley Ward and Leslie Green, or either of them, or if they had a reasonable doubt thereof, to acquit appellant. Further, the court expressly advised the jury in the charge that they must find from the evidence beyond a reasonable doubt that appellant sold the liquor to Ward before they could convict.

Appellant contends that the testimony is insufficient to show that he made a sale. He insists that the fact that Ward gave a check when he had no money in the bank and knew that the check would not be honored, and the further fact that the check was not presented by appellant for payment, would militate against the finding that the transaction constituted a sale. We are constrained to overrule appellant's contention. In Hays v. State, 102 Texas Crim. Rep., 584, 279 S. W., 469, this court declined to sustain a contention based on facts substantially the same as those in the present case.

Appellant objected to that part of the charge of the court defining the term "sale," and offered certain special charges embracing the proposition that in order to constitute a sale it was necessary that Ward made a proposition to appellant to buy intoxicating liquor from him, and that appellant accepted

such proposition and delivered to Ward the liquor, for which Ward paid him. Further, these special charges embodied the proposition that a sale was also constituted by an offer to sell by the defendant and an acceptance by Ward, provided the whisky was delivered to Ward and he paid the defendant therefor. Under the facts reflected by the record, these charges were properly refused. It has long been the holding of this court that a sale need not be founded on a money consideration. Branch's Annotated Penal Code, sec. 1242; Ford v. State, 45 Texas Crim. Rep., 288, 77 S. W., 800. The only objection to the court's charge defining sale was that it was insufficient. This objection was too general. In any event, we understand that the court's definition was correct.

Appellant alleged in his motion for a new trial that the jury were guilty of misconduct in that some of the jurors misstated the testimony of Ward, the alleged purchaser. The specific complaint was that the district attorney, in his closing argument, had stated that Ward had asked appellant where to put the check and appellant had told him to put it on the table, and that, after the jury retired, some of the jurors stated that Ward's testimony was as the district attorney had understood it. In the motion for a new trial, appellant averred that he had objected to the statement of the district attorney at the time it was made on the ground that he was misquoting the testimony, and had requested the court to permit him to have the stenographer read his notes; that he had left the court room for the purpose of getting the testimony transcribed, and before he returned the jury had retired. Appellant took no bill of exception to the remarks of the district attorney. He predicates his motion entirely on the proposition that, under the circumstances, some of the jurors were guilty of misconduct in erroneously stating, while the case was being considered, that the testimony in question had been given by Ward as vouched for by the district attorney. His position is that the record did not bear out the interpretation the district attorney placed on Ward's testimony, and that the jurors, in accepting the district attorney's statement, did not understand the testimony of the witness. The opinion is expressed that the discussion had by the jury touching the testimony of Ward presents a matter that can not be reviewed by this court. A juror is not permitted to impeach his verdict by attempting to say he did not understand the testimony of a witness. Blonk v. State, 93 Texas Crim. Rep., 638, 248 S. W., 375.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.