## SWEARINGIN v RENDIGS

Ohio Appeals, 1st Dist, Hamilton Co

No 4852. Decided Oct 28, 1935

Oliver W. Hardin, Cincinnati, and I. L. Huddle, Cincinnati, for plaintiff in error.
August A. Rendigs, Jr., Cincinnati, and Wm. H. Fry, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

It is claimed here that the court erred for two reasons.

(1) It is urged that this claim being upon a judgment, it was not necessary to

present it to the administrator for allowance. It seems to us a sufficient answer to this contention to say that the claim was presented and rejected, and neither §10509-133, GC, prescribing that actions upon rejected claims must be brought within two months, nor §10509-144, GC, prescribing that no administrator shall be held to answer to the suit of any creditor unless it be commenced within two months after the expiration of nine months following his appointment, limits its application to claims that are required to be presented for allowance.

However, we are also of the opinion that it was necessary to present this claim for allowance. §10509-112, GC, makes no exception to the requirement that claims must be presented for allowance or rejection. As the law does not require the doing of a futile thing, it has been held, among other instances, that if the claim is of such a character that it conclusively proves itself, leaving no discretion to the administrator to reject it, no presentation is necessary. It is claimed this is that sort of a case. We do not think so. Clearly the amount of the delinquencies was a proper subject for the investigation of the administrator. No judgment of any court had foreclosed placing that in issue.

Certain cases have been cited:—Musser's Executor v Chase, 29 Oh St, 577, held that a pending action could be revived without presenting the claim in suit to the administrator; Ambrose, Admr. v Byrne, Exr., 61 Oh St, 146, decided that the lien of a judgment was not lost by failure to present the judgment as a personal claim against the estate; McCown v Weiskettle, 6 Ohio Dec. Reprint, 805, 8 Am. Law Record, 303, differs from Musser's v Chase only in that the revivor was of a judgment for alimony. Clearly these cases holding that the statute was not intended to apply to a continuance of pending litigation and that failure to present the claim did not destroy an existing proprietary interest in the property, are wholly inapplicable to this case of an unadjudicated claim, based on the failure to comply with a court order of an aggregate amount undetermined and indeterminate at the time the order was made.

(2) Finally, it is urged that the period of limitation did not begin to run on the appointment of the administrator unless notice of his appointment was made within one month thereafter, as provided in §10509-6, GC, and that as there was no allegation or proof that notice was published, an essential element was lacking to the raising of the bar.

It seems clear from §§10509-154 and 10509-158, GC, that in order that lapse of time may bar the action, notice of the appointment must be given in accordance with the statute. The administrator relying upon the statute as an affirmative defense has the burden of proving all the conditions necessary to start the running of the statutory period. Now does the absence of an express allegation that notice was given and a failure to introduce any affirmative evidence show the absence of this essential element to the running of the statute? In starting to answer this question, it should be observed that §10509-6, GC, places the duty of publishing notice upon the Probate Judge and not upon the administrator. It is made a part of the official duty of a judicial officer. There is a presumption that an official has performed the duties of his office. 17 O. Jur., 129. This is a presumption of law. In 10 R.C.L. 881, it is said that: "The presumption that public officers in the discharge of their duties have observed all proper formalities has been said to be one of law and not of fact." A multitude of cases could be cited in support of these propositions.

It is provided by §11331, GC, that: "Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in a pleading."

For a list of things presumed and that, therefore, need not be pleaded or proved, see Bates' Pleading (4th ed.), p. 185 to 187.

We have reached the conclusion that in the absence of countervailing evidence, it must be presumed that the probate judge published notice of the appointment of the administrator within thirty days after the appointment, that it was not necessary to allege the fact in the answer, and that in passing upon the motion for an instructed verdict, the trial court was required to rule as though the fact had been both alleged and proven.

(3) It is suggested that the pleading and proof were insufficient because there was no averment or proof negativing the possibility that the court may have extended the time for the collection of the assets, as authorized by §10509-144, GC. We deem that possibility to be an exception and a matter of avoidance by way of reply to the plea of the statute. 17 R.C.L. 1002, 1004, 1005. The burden of proof of an extension was on the plaintiff. While there are many excep-

tions, the ordinary rule is the person who affirms must prove.

For these reasons, the judgment is affirmed.

ROSS, PJ, concurs.

HAMILTON, J, dissents in separate memorandum.

## DISSENTING OPINION

By HAMILTON, J.

I concur with Judge Matthews in this case on the proposition that it was necessary for the plaintiff to file her claim with the administrator for allowance. The claim is not based on a judgment or lien, nor was it of such a character as to clearly prove itself.

The real question in the case grows out of the defense of the bar of the statute set up by the administrator.

The amended petition alleged in substance that the defendant was the duly appointed and acting administrator of the estate, that he presented the claim to the administrator and that the same was rejected. Then follows the prayer for judgment.

The judgment, under review, was based on the second defense of the answer in which the administrator seeks to set up the statute of limitations as a bar to the action. The allegation in the second defense is that the administrator was appointed administrator of the estate of Frank Swearingin, deceased, on July 15, 1932, and that this action not having been filed until July 13, 1933, said action is barred by the statute of limitations of Ohio in such cases, namely, §10509-144, GC.

It was considered that this fully set up the bar of the statute, in view of the fact that the date of the appointment was shown as was also the date of the filing of this action, which was eleven months after the appointment. These facts were shown and the Court of Common Pleas rendered judgment based on the second defense, to-wit, the bar of the statute.

The date of the appointment and the date of the filing of the action are not in dispute, but does this allege and prove the bar? While it was not in the pleadings, it was strenuously argued to the court at the hearing that the statute did not commence to run until after the publication of the notice of the appointment of the administrator, and it was argued that no notice was ever given.

In the opinion, Judge Matthews discusses at length the question of publication of notice and the effect of the failure to give the notice, and holds: "It seems clear from §§10509-154 and 10509-158, GC, that in order that lapse of time may bar the action, notice of the appointment must be given in accordance with the statute." With this proposition, I disagree. The giving of the notice is not necessary to make valid the appointment. This being true, the question of the giving of the notice is of no concern. §10509-144, GC, provides among other things:

"No * * * administrator shall be held to answer to the suit of any creditor of the deceased unless it be commenced within two months after the expiration of nine months following his appointment and any further time allowed by the court for the collection of the assets of the estate, except as otherwise provided by law. * * *"

The conclusion reached by Judge Matthews would require the reading into the statute, following the word appointment, "and publication of notice thereof." That provision is not in the statute, and, as has frequently been said, the court may not legislate. So that if it was only necessary to show that eleven months had passed from the appointment of the administrator before the filing of the action, the defense of the bar would be complete, but the phrase "and any further time allowed by the court for the collection of the assets of the estate" is in the section. To make effective the bar of the statute, it was just as necessary to allege and prove that no further time was allowed by the court, as it was to allege and prove the date of the appointment and the date of the filing of the action.

There is the further proposition presented by §10509-134, GC, which provides for the reinstatement of barred claims. Conditions may arise under which it may be necessary to allege that there had been no reinstatement of the claim in order to make effective the bar of the statute. As heretofore stated, the answer alleges only the date of the appointment of the administrator and the date of the filing of the action, and the proof goes no further. While it is not necessary to allege all the facts which would bring the case within the operation of the bar of the statute of limitations, the better practice is to plead all the facts constituting the bar. No additional facts having been proven and a necessary fact to complete the bar having been omitted, I am of the opinion that the judgment should be reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.