## ˙Ben K. Green v. The State.

No. 21992.  Delivered March 11, 1942.
Rehearing Denied April 29, 1942.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) May 20, 1942.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, *C. O. McMillan,* of Stephenville, and *T. H. McGregor,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Swindling is the offense; the punishment, three years' confinement in the State penitentiary.

The charge lodged by the indictment is that appellant induced E. W. Harris, as agent of The Dublin National Bank, to deliver to him $3,000.00 of the bank's money, by representing to Harris that he (appellant) was the owner of "52 Hereford cows, ages three to seven years old; 49 Hereford calves, ages three to six months old, two registered Hereford Bulls, 15 to

19 months old, and 1200 head of Ramboulett sheep, ages 2 to 5 years old," said sum of money being a loan from the bank to appellant, and for which appellant executed a promissory note in the sum mentioned, payable to the bank, and, to secure the payment thereof, gave a chattel mortgage lien upon said livestock.

The falsity of the representation is alleged to be that appellant did not own the cattle and did not have the right to give a chattel mortgage lien thereon. Note is to be taken of the fact that it is not alleged that the appellant did not own the sheep as represented.

The testimony shows that appellant applied to Harris for the loan, and that, before making the same, Harris required that an inspection be made of the livestock. Harris designated E. M. Dolan to make the inspection. Appellant carried Dolan out to a ranch and there showed him 52 head of Hereford cows and 49 head of Hereford calves, which, at the time, were in what he referred to as a "small horse pasture." The evidence is sufficient to show that the ranch upon which the cattle so shown were located belonged to, or was under the control of, Dave Culberson, and that it was north of, and adjoined, the appellant's ranch, the two being separated by a road between them.

It appears that, after the inspection, Dolan made a favorable report to Harris, and that the loan was made and the money delivered to appellant upon his (appellant's) representation that he was the owner of the cows and calves mentioned.

Culberson, as also the witness Mills, testified to facts sufficient to authorize the jury to conclude that the cattle so shown to Dolan by appellant belonged to him and his son; and that, at the time the inspection was made, he (Culberson) had on his ranch cows and calves of the same kind and number as those shown by appellant to Dolan, which cattle corresponded to those described in the mortgage given by appellant.

Appellant did not testify as a witness in his own behalf, nor did he offer any affirmative defensive testimony.

It is insisted that the facts are insufficient to support the conviction in that it is not sufficiently shown that appellant

did not own the cattle which he exhibited to Dolan. If the cattle belonged to Culberson, they were not appellant's property. The facts being sufficient to show Culberson's ownership of the cattle, the jury was authorized to conclude that they did not belong to appellant. Appellant's contention that the State failed to prove that he was not the owner thereof is overruled.

Appellant here urges that the failure of the trial court to charge upon the presumption of innocence, in keeping with Art. 9, P. C., that is, that every person accused of an offense is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt, constitutes reversible error. When same is called to the trial court's attention by a proper exception to the charge, the failure to so instruct the jury is reversible error. Thomason v. State, 27 S. W. (2d) 229, 115 Tex. Cr. Rep. 627; Roberts v. State, 239 S. W. 960, 91 Tex. Cr. R. 433. The question at issue here is whether a sufficient exception was reserved to the charge to call the trial court's attention to such defect in the charge or of appellant's desire to have the jury so instructed. Art. 658, C. C. P., requires, among other things:

"Before said charge is read to the Jury, the defendant or his Counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, *distinctly specifying each ground of objection.*"

The purpose of this statute is to enable the trial court to perceive and to correct supposed errors in the charge. Regittano v. State, 96 Tex. Cr. R. 477, 257 S. W. 906. This can be accomplished only when the objections are sufficiently specific to point out the errors complained of in the charge. The exception to the charge which appellant relies upon as being sufficient to call to the trial court's attention his failure to charge on the presumption of innocence is as follows:

"Defendant excepts and objects to the charge of the court as a whole for the reason that the court has placed a greater burden on the defendant than is required by the law of this state and has failed to instruct the jury on the rights of the defendant and the court has not placed the burden of proving the defendant guilty on the state."

General objections to a charge which do not distinctly specify wherein the charge is erroneous present nothing for review

by this court. Cotton v. State, 116 Tex. Cr. R. 36, 32 S. W. (2d) 648; Maloney v. State, 119 Tex. Cr. R. 273, 45 S. W. (2d) 216; Jennings v. State, 122 Tex. Cr. R. 124, 54 S. W. (2d) 102; Fiveash v. State, 125 Tex. Cr. R. 345, 67 S. W. (2d) 881; Crabtree v. State, 137 Tex. Cr. R. 63, 127 S. W. (2d) 906. The above exception, if specific in any particular, is that the trial court has not placed on the State the burden of proving the appellant's guilt. In this connection, we note that, in the trial court's charge, appellant's guilt is made to depend upon the jury's believing, beyond a reasonable doubt, the facts constituting guilt, and that, unless they so believed, beyond a reasonable doubt, appellant should be acquitted. Such a charge correctly placed the burden of proof upon the State.

The conclusion is reached that the charge was not subject to the objection that it did not place the burden of proof upon the State to establish appellant's guilt, and that the exception was insufficient to call the trial court's attention to the fact that a charge upon the presumption of innocence should have been given in addition to the charge upon the burden of proof.

The count in the indictment upon which the conviction was predicated contained the averments necessary to constitute the offense of swindling under the statute, and followed established precedents.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

In argument on this motion for a rehearing it was contended that the note and mortgage, the basis of this offense, were not introduced in evidence, but were merely offered in evidence, and that such an offer would not amount to an introduction thereof. We notice that such note is found in the statement of facts and also the mortgage. We also note that appellant's attorneys as well as those of the State signed the agreement at the end of the statement of facts that the same was a true and correct statement of the facts in such cause. It is also noted that the county clerk of Coryell County, Mr. Ellis, testi-

fied that the document handed to him was a part of the record in his office. "That is the mortgage that has been introduced in this case, which Mr. Ellis has identified, being a part of the records of his office," the above quotation being the last paragraph in the statement of facts. We think it plain that the note and the mortgage were introduced in evidence.

The further proposition is raised that because it was not shown that appellant did not also own the sheep mentioned in the mortgage, and because of the fact that such sheep might have, upon possession and sale upon the part of the bank, liquidated the bank's demand, then it was not made evident that the bank had been defrauded. We do not think such to be the law. The gist of this offense of swindling is the false representations as to any material existing fact; if part of such statement be true and part false, and the complaining party relied upon the whole statement, the portion thereof that was false would tinge the whole transaction with fraud.

In Branch's Criminal Law, Sec. 758, we find the following:

"The value of prosecutor's property obtained by defendant determines the degree of offense, and it is immaterial that prosecutor was protected in part by part of the property received by him from defendant; representations of defendant being false as to some of the property claimed to be owned by him. La Moyne v. State, 53 App. 221, 111 S. W. 950."

The above case overruled Gaskins v. State, 38 S. W. 470; Lively v. State, 74 S. W. 321, and Perry v. State, 39 Tex. Cr. R. 495, 46 S. W. 816, and properly so we think.

The La Moyne case, supra, holds that the gist of the offense of swindling is the false representations, not the loss of the thing obtained by the representations, and cites Art. 1548, P. C., which says:

"It is not necessary in order to constitute the offense of swindling, that any benefit shall accrue to the person guilty of the fraud or deceit, nor that any injury shall result to the person intended to be defrauded, if it is sufficiently apparent that there was a wilful design to receive benefit or cause an injury." Also see Robinson v. State, 148 S. W. (2d) 205, and cases there cited.

We think that upon an acceptance of a mortgage, and a reliance upon representations therein, a mortgagee has the right to rely upon all the material representations therein, and not merely upon enough of them in order to properly receive his money therefrom. He would be entitled to all of his security, and could not be compelled to marshal his assets as to the truthful representations first, and failing to receive his advanced amount, then only would a prosecution ensue. This is not a criminal defense.

It is also contended that the testimony does not show that these cattle shown the man Dolan, who inspected them for the bank, were not in appellant's pasture. We think that it was shown that such cattle were in the pasture of another. Mr. Dolan testified that he knew the Green pasture. That "I examined the cattle first, and the cattle I looked at were located north of Mr. Green's ranch house. They were not on Mr. Green's ranch that he owned. * * * I, myself, know the ranch that he owns." While Green and Dolan were looking at the cattle a boy came by and saw them, and Homer Mills was produced before Dolan and he said that looked like the boy whom he saw that day when inspecting the cattle. Homer Mills then testified that he lived on Culberson's place in May 1940, and in that month he saw appellant and another man in the Culberson's pasture in a car and rode up to them on horseback. Culberson testified that his pasture was just north of Green's place across a road, and Mills worked for him in May, 1940. We think this testimony is sufficient to show that Dolan and Green were in the Culberson pasture where Culberson's 52 cows and 49 calves were located.

It is also noted that the trial court charged the jury upon the law of circumstantial evidence, evidently in answer to paragraph five of appellant's objections to the trial court's charge as first prepared..

We are of the opinion that this cause was correctly decided in our original opinion herein, and the motion for a rehearing is therefore overruled.