

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 2, 1973

Mr. Harry B. Kelton, Director  
Texas National Guard Armory Board  
West Austin Station  
Austin, Texas    78763

Opinion No. H-24

RE: Questions concerning award of bid for construction of an armory and other work

Dear Mr. Kelton:

You advise, and we accept, as the facts of this matter that:

(1)  Your Board called for competitive bids for the construction of an Armory and a shop (OMS) at Fort Sam Houston;

(2)  The Invitation for Bids contained the following paragraph:

> "The right is reserved, as the interest of the State may require, to reject any and all bids, to waive any informality in bids received, and to accept or reject any and all items of any bid, unless the bidder qualified such bid by specific limitation.";

(3)  The Instructions to Bidders, attached to the Invitation, advised:

> "The completed form shall show no erasures, alterations, qualifications, or additional material of any kind whatsoever."

(4) · The Specifications read in part:

> "The Owner desires to award all work under one contract but reserves the right to award two (for Armory work and for OMS work) if it is necessary.  The breakdown of costs by Bid items and Alternates is primarily for cost accounting purposes."

(5) Prior to the bid opening, one of the bidders had a telephone conversation with the Supervisor of Construction for the project, in which he was instructed that if his bid were qualified in any manner, as by conditioning it on the award of both jobs, it would be rejected, and that the shop was a 100% federally funded project which would be awarded to the low bidder "irrespective of the bid on the armory." That bidder thereafter submitted an unqualified bid.

(6) The low bidder on the combination of the projects conditioned his bid on the award of all items. Another bidder, whose bid was not so conditioned, was lower on the shop item.

You have asked:

"1. . . . can the Armory Board consider a bid which was qualified by the insertion of the sentence which indicated the bid must be accepted with the contingency that all bid items be awarded?"

In Texas Highway Commission v. Texas Association of Steel Importers, 372 S.W.2d 525 (Tex. 1963), the Supreme Court cited with approval a statement in Sterrett v. Bell, 240 S.W.2d 516, 520 (Tex.Civ.App. 1951 no writ), setting forth the requirements and purposes of competitive bidding:

"'Competitive bidding' requires due advertisement, giving opportunity to bid, and contemplates a bidding . . . upon the same thing. It requires that all bidders be placed upon the same plane of equality and that they each bid upon the same terms and conditions involved in all the items and parts of the contract, and that the proposal specify as to all bids the same, or substantially similar specifications. Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefits of the taxpayers and the property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or material man, or increase the cost of the work or of the materials or other items going into the project."

The bid documents here, when read together, are ambiguous. One contemplates the allowance of qualified or limited bids. Another prohibits qualifications or reservations of bids. Still others could be construed as contemplating three different bids (for both buildings; for the Armory work; and for OMS work), except for the indication that only a single bid encompassing both jobs was expected: ". . . The breakdown. . . is primarily for cost accounting. . ."

The bid documents leave to conjecture the requirements governing the bids and only by happenstance would all interested bidders arrive at a common conclusion regarding their meaning. Under those circumstances, we do not believe the procedure resulted in competitive bidding in a legal sense, because the ambiguity of the bid letting documents prevented effective competition. This is not a case where no harm or inequality results. Cf. Haralson v. City of Dallas, 14 S.W.2d 345 (Tex.Civ. App. Dallas, 1929, writ dism.); Attorney General Opinion M-890 (1971).

In our opinion, none of the bids submitted can be considered competitive, and none should be accepted. Texas Highway Commission v. Texas Association of Steel Importers, 372 S.W.2d 525 (Tex. 1963); Sterrett v. Bell, 240 S.W.2d 516 (Tex.Civ.App. 1951, no writ); Superior Incinerator Co. of Texas v. Tompkins, 37 S.W.2d 391 (Tex. Civ.App. Dallas, 1931), aff'd 59 S.W.2d 102 (Tex.Comm. 1933); 64 Am Jur2d, Public Works and Contracts, §53, et seq.; 10 McQuillin, Municipal Corporations, 1966 Rev.Ed., §29.52, p. 373.

We do not reach your second question contingently submitted upon an affirmative answer to the first question.

### S U M M A R Y

Ambiguous invitations and instructions for competitive bids which leave bidding requirements to conjecture prevent competitive bidding. Bids submitted in response thereto should not be accepted.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee