ENOCH FIVEASH V. THE STATE.

No. 16195.   Delivered January 3, 1934.
Rehearing Denied February 14, 1934.
Reported in 67 S. W. (2d) 881.

The opinion states the case.

*J. B. Dibrell, Jr.,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The facts proven upon the trial are substantially as follows: On the 25th day of April, 1932, at about seven P. M. Edmund Blanton, a son of J. E. Blanton, and a neighbor boy by the name of Bill Henry drove a horse and buggy belonging to J. E. Blanton into the town of Santa Anna and tied it to a hitching rack while they participated with other members of the National Guard in drill exercises; that about nine P. M., when they started to go home, they discovered that the horse and buggy were gone. They made some examination of the

ground where the horse had been hitched and found a buggy track leading away from there in a southerly direction; they followed this track some short distance but having no light, they lost it and then went home and informed Mr. J. E. Blanton, the father of Edmund, of what had happened, whereupon J. E. Blanton went to the place where the horse had been hitched and followed the track some six or seven miles out of Santa Anna and then secured the services of Mr. May to assist him in tracking the horse and buggy, which they did, and the track of the horse and buggy led them to the premises of the defendant, where they found the buggy and harness in the lot and the horse in the pasture of the defendant. The defendant, upon being questioned as to how the horse and buggy came to be at his home, said that he did not know how it came there; that when he came home the night before at about twelve o'clock P. M., he found the horse hitched to the buggy standing at his gate. The defendant testified in his own behalf admitting having been in the town of Santa Anna on the night of April 25, 1932, but denied going near where the horse was hitched; that he left Santa Anna that night about eight o'clock on foot and after walking some distance two young men in a car overtook him, picked him up and carried him to within six or seven miles of his home, where they let him out, and from there he, the defendant, walked to his home, arriving there about twelve o'clock that night; that when he arrived at his home he found the horse and buggy at his front gate; that he unhitched the horse, put the buggy and harness in the lot, and turned the horse out into the pasture.

By bill of exception No. 1 the appellant complains of the action of the trial court in overruling his application for a continuance based upon the absence of several character witnesses. It has been repeatedly held by this court that it is within the sound discretion of the trial court to grant or refuse an application for a continuance based upon the absence of character witnesses. See Yarborough v. State, 147 S. W., 270; Butler v. State, 288 S. W., 218. No abuse of discretion being shown, the appellant's contention is overruled.

The appellant objected and excepted to paragraph 3 of the court's main charge because it is a charge upon the weight of the evidence. Said paragraph of said charge reads as follows: "If from the evidence in this case, you believe the defendant found the horse and buggy in question on his premises, without any knowledge as to how it came there or by whom it was placed upon said premises, you will find the defendant not guilty, or if you have a reasonable doubt as to whether this

defendant fraudulently took possession of said horse with the intention to deprive the owner of its value and to appropriate it to the defendant's own use and benefit, you will find the defendant not guilty." The court overruled said objection and the appellant excepted. If said charge of the court is not free from criticism, yet part of the charge correctly submitted the defendant's defense. However, the objection is not sufficiently definite to make reasonably apparent to the trial judge the fault complained of when the charge complained of and the objection are considered together. Article 658, C. C. P., provides that before the charge is read to the jury the defendant shall present his objections thereto in writing distinctly specifying each ground of objection. While no form of objection is prescribed, yet a general objection is not ordinarily sufficient to bring in review the action of the trial court in refusing to amend the charge. In the case of Gill v. State, 208 S. W., 926, it was held that the general objection that the charge in question was on the weight of the evidence was insufficient, when considered in connection with the charge, to make reasonably apparent to the trial judge the faults of which complaint was made. Considering appellant's objection in connection with the fact that a part of the charge complained of, if not all, was proper and adequately presented the defendant's defense, we are of the opinion that the objection was not sufficient to make reasonably apparent to the trial judge that the appellant was complaining because a portion of the paragraph of said charge was on the weight of the evidence. The appellant should have distinctly referred to and pointed out the objectionable part of the charge so that the court would have had an opportunity to amend his charge before submitting it to the jury. It is the opinion of the court that the objection addressed to the charge is too general and not sufficiently specific to separate the objectionable part, if any, of said charge from that which was proper and adequately presented the defendant's defense, and therefore the appellant's contention is overruled.

The other errors complained of appear to be without merit. It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the evidence

is insufficient to support the verdict and judgment. In the light of his motion we have carefully reviewed the facts, and state some of them.

While a case on circumstantial evidence, it is not one dependent solely on the fact of possession of recently stolen property. Blanton's horse and buggy were taken from a hitch rack in the west part of the town of Santa Anna on the night of April 25th. Appellant, who lived eighteen miles south of Santa Anna, was in said town that night, and had no conveyance. Next day the Blanton horse and buggy were at appellant's place, and he was there. He testified on this trial that he left Santa Anna soon after "dusky dark," and denied being near the Blue Bonnet Cafe or in the western part of said town (where the horse was tied) at all during that night. Two witnesses, who knew appellant, testified that they saw him that night around ten o'clock in Santa Anna, one saying that he saw appellant in front of the Blue Bonnet Cafe going west; the other said he saw appellant between said cafe and the hitch rack (where the horse was tied) "walking kind of fast * * * toward that hitch rack." It was shown there were near by street lights, and this witness spoke to appellant. Said witness saw Mr. Blanton the next day and learned of the loss of the horse and buggy, and then remembered seeing appellant the night before.

The horse was tied to a post at the hitch rack by a man who said he had handled horses all of his life and had tied the horse tight and securely. If the rope had come loose from the neck of the horse, it would have been found at the post. If it had come loose from the post, it would have been on the neck of the horse, and as he traveled eighteen miles down the road to appellant's home, the rope would reasonably have dragged. Next day at appellant's home, when witnesses who followed the tracks of the horse and buggy came there, the rope in question was with the lines and the rest of the harness, on the buggy,— neither rope nor lines showing marks or signs of having been dragged. The horse and buggy were trailed from the hitch rack west a short distance, then south to the Whon road, then down that road to where the Trickham road turned off, then down the Trickham road to where an old road turned off going to appellant's place, then up said old road to appellant's premises, then through a gateway,—the gate to which was closed when witnesses got there,—to where the buggy stood between appellant's dugout and his lot. The horse was in appellant's pasture. When his possession was first challenged by Messrs. Blanton and May, who had followed the tracks, he told them, that when

he got home from Santa Anna (claimed by him to have been about twelve o'clock at night) the horse was standing at his gate. He further stated that he put the horse in the lot, fed him, and untied the rope from his neck. Appellant testified in his own behalf that some boys in a car gave him a ride from Santa Anna to Mr. Kingsbury's, and that he walked the rest of the way home, some eight or nine miles, walking at a moderate gait; that he got home about twelve o'clock; that when he got home he heard horses "squalling," and went out to see about it, and found the horse in question inside his enclosure with nothing on him except a rope around his neck, being run around by a stallion belonging to appellant. He said there was no harness on the horse, and the horse was not hitched to the buggy. The statement of these circumstances seems to us to show that the proposition of appellant's guilt did not rest solely on possession of the recently stolen property, and further demonstrates that the jury had sufficient testimony before them to justify their conclusion of guilt. We have examined the three cases cited by appellant in his motion, in support of his contention that the evidence is not sufficient. Each of them is a case where the guilt of the accused depended solely on his possession.

Complaint is also made in the motion of something said by the writer of the original opinion in regard to the charge submitting appellant's defensive theory being indefinite. We considered the complaint of the charge. Said charge is quoted in our former opinion, and appears to fully present the only defensive theories advanced by appellant and supported by his testimony. Appellant's claim in testimony was that the horse and buggy got to his place on the night of April 25th, the night it was taken, without any agency on his part and without his knowledge. He said they were there when he first saw them or knew anything about them. His claim in regard to this matter was affirmatively presented to the jury in the paragraph of the charge, complaint of which is under discussion. We think the paragraph correctly presented appellant's defensive theories, and that it could not have so presented them had it not set them forth in substantially the manner and form same were presented. In same the jury were told that if they believed appellant found the horse and buggy in question on his premises, without any knowledge as to how it came there, or by whom it was placed there, he should be found not guilty. This is what he claimed. In said charge the jury were further told that if they had a reasonable doubt as to whether appellant fraudulently took possession of said horse with the intention

to deprive the owner of its value, they should find him not guilty. This was also in accord with and presented appellant's defensive theory. We think the conclusion of the jury that this horse did not come loose from the hitching rack to which he was tied securely, without human agency,—correct, and that he did not go down a number of roads, each time taking the fork that led to appellant's residence, of his own accord, and that the jury were further justified in not accepting the rather incredible story told by him as explanatory of the presence of the horse and buggy at his place. This court has held in many cases that where there is an affirmative defensive theory advanced explanatory of the defendant's possession, the presentation of this theory to the jury in an appropriate way obviates the necessity of giving the stereotyped charge upon the reasonable explanation of the possession of recently acquired property by the accused. Mathews v. State, 32 Texas Crim. Rep., 355; Hinsley v. State, 60 Texas Crim. Rep., 565; Lewis v. State, 64 Texas Crim. Rep., 490; Bowen v. State, 65 Texas Crim. Rep., 46; Stephens v. State, 69 Texas Crim. Rep., 437; Reasoner v. State, 117 Texas Crim. Rep., 85.

The motion for rehearing will be overruled.

*Overruled.*