JUSTIN BRATTON V. THE STATE.

No. 19255.   Delivered December 15, 1937.

The opinion states the case.

*Clifford Graves,* of Paducah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was charged with the offense of rape by force but the jury found him guilty of an assault with intent to rape, and assessed his punishment at confinement in the state penitentiary for a term of five years.

The testimony adduced by the State shows that on the night of January 3, 1937, the prosecutrix was assisting one of the girls at Mrs. Newberry's Cafe. Appellant came into the cafe and told her that he was going to take Shorty Bratton home, who lived in the country about five or six miles, and invited her to go with him to which she agreed. The parties got into appellant's car and took Bratton home. On their return trip, and when about one and one-half miles from town, appellant left the main highway and drove down a lateral road for about one hundred yards, where he assaulted prosecutrix and by force had sexual intercourse with her. After he had accomplished his purpose, he got into his car with a view of taking her back to town, but she immediately fled and disappeared in the darkness. When she reached the cafe she was crying, her mouth was bleeding, her clothes torn, and her body bore marked evidence of rather rough treatment.

Appellant testified in his own behalf. He admitted that he intended to have sexual intercourse with prosecutrix; that when she would not willingly submit he cursed her and hit her hard, but at no time did he succeed in penetrating her.

Appellant insists that the evidence does not justify his conviction. We are unable to agree with him. His testimony makes a clear case of assault with intent to commit rape. Indeed, he is fortunate that the jury accepted his version of the affair rather than that of the young lady, for they might have dealt with him more severely.

By bill of exception number one, appellant complains of the introduction in evidence of the clothes worn by prosecutrix on the night in question. The bill discloses that the clothes were torn but were in the same condition as on said night immediately after the assault. This was clearly admissible on the

issue of force and resistance. It tended to illustrate the kind and character of force that was resorted to by him in his endeavor to accomplish his purpose. See Jacobs v. State, 66 Texas Crim. Rep., 146, Ulmer v. State, 160 S. W., 1188.

Bill of exception number two complains of the testimony of the sister of prosecutrix as to what prosecutrix told her had happened when she arrived home. Appellant objected thereto on the ground that it was hearsay, irrelevant, immaterial, and highly prejudicial, and was no part of the res gestae. The bill is incomplete in that it fails to show that she was not highly agitated, nervous and excited, and that the witness was not the first person to whom she related the unfortunate occurrence, etc.

Bill of exception number three complains of the court's action in declining to sustain appellant's objection to the court's charge. The objections are entirely too general, and do not specifically point out any error as required by Art. 658, Code of Criminal Procedure. Moreover, the court's charge contained a fair and adequate presentation of the law as applicable to the facts.

Bill of exception number four is without merit. A similar question as here presented was before this court in the case of McAllister v. State, 130 Texas Crim. Rep., 262, and was decided adversely to appellant's contention.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.