EVERETT L. CRABTREE v. THE STATE.

No. 20251. Delivered April 5, 1939.
Rehearing Denied May 17, 1939.

64

The opinion states the case.

*John Davenport,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder without malice. The punishment assessed is confinement in the State penitentiary for a term of two years.

The testimony adduced by the State, briefly stated, shows that appellant was employed by the Water Service Company as Superintendent and Timekeeper. The deceased, his brother Dick, C. E. Huff, Herschel Day and several others were working under his direction. Sometime prior to the alleged homicide, appellant had been instructed by one of the officials of the company to discharge some of the men, since he had more men than he needed for the work that was to be done. On the last day of April, appellant informed the deceased, Graves, Day and two other workmen that he would not need their services any longer. He told them, however, that if at any time he needed help, he would put them back to work. On the 5th day of May, Herschel Day and the deceased came out and reported for work at 8 A. M. Appellant told them he had no work for them at that time. They went up to a little tool shed and went to sleep. At 4 P. M. Dick Graves went to the tool house for a drink of water. He told the boys to get up and wash his car, which they did. At 5 P. M. appellant started the engine to pump water. Deceased and Day went to where he was and asked him to give them eight hours time— to "put it on the book as if they had been there eight hours at work." Appellant declined to do so and this produced an argument which became rather warm and to some degree personal. The deceased picked up a hammer which Dick Graves took away from him. Appellant then started for his home located a short distance away. Deceased, his brother Dick, Day and some of the other boys, followed him. When appellant entered his home, the deceased, Day and Dick Graves followed him into the house.

Appellant reached under his bed, brought out a revolver, and shot the deceased. Graves struggled with appellant until some of the other boys came into the house and aided in taking the pistol away from him.

The appellant testified in his own behalf. He said that the boys wanted him to give each of them eight hours time and he declined to do so. They then became angry and threatened him with a hammer. To avoid trouble he went to his home, but was followed there by the deceased, Graves and Day, who entered the house behind him. He testified that he reached under the cover for a gun, but they all jumped on him. During the struggle, the gun was discharged four times, one of the shots striking the deceased.

It will be noted from this brief statement of the facts that the defendant's testimony clearly raised the issue of self-defense, while the State's testimony showed an unexcusable homicide. This issue was decided adversely to appellant's contentions.

The court, in his charge to the jury, instructed them on the law of murder with and without malice and self-defense. Appellant urged a number of objections to the court's charge, but they are all too general and do not distinctly specify wherein he claimed the court erred. Art. 658, C. C. P., requires the appellant to make his objections to the court's charge in writing distinctly specifying each ground of objection. See Beamon v. State, 109 S. W. (2d), 1069; Burns v. State, 114 S. W. (2d), 576.

We note, however, that an objection was urged to the court's charge because it failed to instruct the jury that certain things constituted "adequate cause." If the manslaughter statute had not been repealed when the present statute relating to murder was enacted, then appellant might have had a good objection, provided the evidence showed such facts as would have constituted adequate cause under the old statute. But this statute (Art. 1248 P. C.) has been repealed and is no longer the law of this State. We fully discussed this question in the case of Elsmore v. State, 104 S. W. (2d), 493. However, the question as to what constitutes adequate cause is now generally a question of fact and such issue was submitted to the jury by the court in his charge.

By bill of exception number seven, appellant complains of the following testimony of Herschel Day: "We, (referring to deceased and the witness), were supposed to report every morning for work. If there was work, we worked, and if there wasn't any, we didn't work."

The only objection made thereto was that it was immaterial. This bill is insufficient within and of itself to show any error. The same is true of bill number eight, which is overruled for the same reason. See Sec. 209 Branch's Ann. P. C., p. 134.

Bills number nine, eleven and thirteen are without merit and we see no need in discussing them.

Bill number fourteen complains of the following remarks by the district attorney in his closing argument to the jury: "If you are so constituted and you believe that a man has a right to get away with cold-blooded murder, you can believe the Defendant himself, now that is just what it boils down to—"

We do not regard these remarks as highly improper. However, if it should be conceded that they were improper, we would still be unable to see how the same could have been of such a prejudicial nature as to have affected appellant's legal rights before the jury, inasmuch as they assessed the lowest penalty prescribed by law for the offense of murder without malice. See Tweedle v. State, 29 Tex. Crim. Rep., 586 (591); 16 S. W., 544; Howard v. State, 53 Tex. Crim. Rep., 378 (385), 111 S. W., 1038.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

We have again examined the record in the light of appellant's motion for rehearing and are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.