Jerry PENNINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–063–CR.

Court of Appeals of Texas, Austin.

Nov. 3, 1982.

Discretionary Review Granted Jan. 26, 1983.

Roy E. Greenwood, Austin (court-appointed), for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

SHANNON, Justice.

Appellant Jerry Pennington was indicted for the murder of his wife, Mary Rutherford Owens. He appeals from a judgment of conviction for voluntary manslaughter after a jury trial in the district court of Travis County. Two prior convictions were alleged in the indictment and the district court charged the jury on one such conviction. The jury assessed punishment of confinement for twenty-two years in the Texas Department of Corrections. This Court will affirm the judgment.

Over appellant's objection, the district court charged the jury on voluntary manslaughter. The court's submission of that charge is the foundation for appellant's ground of error six, claiming (1) that "such lesser included offense was not raised by the evidence" and (2) that "such charge to the jury only served to confuse the jury as to the issues involved."

Ordinarily, an accused requests the submission of a lesser-included offense. In this appeal, however, appellant maintains that the prosecution's case was too weak to convince the jury to return a verdict of murder and as a result he had a good chance for acquittal. The submission of the lesser included offense, claims appellant, permitted the jury an opportunity to "compromise" and still return a verdict of guilt, although of a lesser offense.

Appellant in effect claims a defendant has an exclusive proprietary interest in lesser-included-offense charges. This is so apparently because most attention has focused on the proposition that the defendant is entitled to the charge if the evidence indicates that he is guilty, if at all, of only the lesser offense and that reversible error is committed if the trial court refuses to submit the lesser-included-offense charge. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr. App.1981) (on motion for rehearing); *Lisskowski v. State,* 23 Tex.App. 165, 3 S.W. 696 (1887).

However, the notion that the defendant may avoid the lesser-included-offense charge, because he was indicted with the greater offense only, has been uniformly rejected in Texas. As early as 1851, the Supreme Court, in *Givens v. State,* 6 Tex. 344 (1851), sustained the trial court's sub-

mission over the defendant's objection of a charge on common assault when he had been indicted for assault with intent to murder only. In affirming the conviction for the lesser offense, the court stated (at 346):

> It seems to be a well-settled rule that when an accusation of an offense includes an inferior one the jury may acquit the accused of the more atrocious and convict him of the inferior offense. [citation omitted] And ... the Court of Appeals of South Carolina [has] held that the indictment under the statue for murder of a slave would sustain a verdict for the inferior offense of 'killing in sudden heat and passion.' This doctrine appears to be well founded on the principle that the greater offense includes the less and the less is merged in the greater.

Later, in *Christian v. State,* 71 Tex.Cr.R. 566, 161 S.W. 101 (1913), the appellant, indicted and convicted of murder, relied solely upon alibi and contended the trial court erred in also charging on manslaughter. In rejecting this claim the Court stated the following rules (at 103):

> (1) The charge must submit to the jury every phase of the case made by evidence and every legitimate deduction to be drawn therefrom.
>
> \* \* \* \* \* \*
>
> (3) The court is not limited or restricted by the testimony of appellant in his own behalf as to the issues to be submitted but ... should submit each and every phase of the case suggested by the evidence, whether the theory be presented by the evidence of the state or defense, or both.
>
> (4) The charge should instruct the jury as to the law applicable to every theory within the scope of the indictment which the evidence tends to establish, whether favorable to the state or defendant.
>
> (5) If the testimony creates a reasonable doubt in the mind of the trial judge as to the necessity of a charge on manslaughter ... in a murder trial, the doubt should be resolved in favor of the accused and such charge given, in which event, if

he gives such charge ..., no reversible error is caused thereby.

The Court concluded under the evidence that the charge on manslaughter was properly given.

The holding in *Givens,* made without benefit of statute, now appears as Tex.Code Cr.P.Ann. art. 37.08 (1981), which provides:

> In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense.

Tex.Code Cr.P.Ann. art. 40.03 (1979), governing the granting of new trials, provides in subsection (9):

> A verdict is not contrary to the law and evidence ... where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved.

In applying earlier codifications of these same provisions, the Court of Criminal Appeals has held that an appellant may *not* complain of his conviction of a lesser-included offense on the basis that, if believed, the State's version of the case would result in a conviction for the greater offense; and if believed the defendant's version would result in a complete acquittal due to the commission of no offense. *Carr v. State,* 158 Tex.Cr.R. 337, 255 S.W.2d 870, 873–74 (1953); *Tackett v. State,* 136 Tex.Cr.R. 445, 125 S.W.2d 603, 605 (1939) (on motion for rehearing); *Carter v. State,* 121 Tex.Cr.R. 493, 51 S.W.2d 316, 318 (1932); *Crowder v. State,* 78 Tex.Cr.R. 344, 180 S.W. 706, 707 (1915); *Wysong v. State,* 66 Tex.Cr.R. 201, 146 S.W. 941, 944 (1912) (on motion for rehearing); *High v. State,* 54 Tex.Cr.R. 333, 112 S.W. 939, 940 (1908). *See also Campbell v. State,* 65 Tex.Cr.R. 418, 144 S.W. 966, 967 (1912) (appellant indicted and convicted of manslaughter; contended proof, if believed, showed murder).

More recently, in *Teal v. State,* 543 S.W.2d 371 (Tex.Cr.App.1976), the court sustained the submission of a charge on aggravated assault as a lesser-included offense of attempted murder, over the de-

fendant's objection that it constituted a comment on the weight of the evidence. Finally, in *Humphries v. State,* 615 S.W.2d 737 (Tex.Cr.App.1981), the appellant was indicted for murder. Over his objection the trial court submitted a charge on voluntary manslaughter. On appeal, the court held that the charge was properly submitted because it was raised by the evidence (appellant stabbed the deceased during a heated argument).

We have concluded that if there is evidence raising the lesser included offense, both the prosecution and the defendant have the right to insist upon and obtain submission of the lesser-included offense charge so the jury will not be subjected to the choice of either acquitting or convicting of the greater offense only in those instances where the jury may be, in reality, convinced of only the lesser included offense.

■ In the same ground of error appellant contends voluntary manslaughter was not raised by the evidence and hence should not have been submitted. The contention is without merit.

Tex.Pen.Code Ann. § 19.04 provides:

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

(b) "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

(c) "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

(d) An offense under this section is a felony of the second degree.

On direct examination, appellant testified as to the events leading up to the shooting.

Just before the shooting, appellant and Owens were engaged in a "heated" argument which resulted in a struggle. During the struggle, appellant stated that as he wrestled a gun away from Owens, she was slapping him and "flailing and going on."

■ If there is evidence raising the lesser included offense, the trial court should submit the charge. *See Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1975); *Christian v. State, supra.* This is so although that evidence may be "strong, feeble, impeached or contradicted." *Campbell v. State,* 614 S.W.2d 443 (Tex.Cr.App.1981). *Warren v. State,* 565 S.W.2d 931 (Tex.Cr. App.1978). The accused's testimony is sufficient to require submission of the lesser included offense. *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977). The district court did not err in submitting the charge.

By four grounds of error appellant complains of the admission into evidence, on cross-examination, of proof of his conviction of forgery in Dawson County in 1966 and his conviction of forgery in Dallas County in 1971. Appellant argues the Dawson County conviction was void due to a "fundamentally defective" indictment and the Dallas County conviction was void due to a "fatally defective" indictment. Appellant asserts also that the Dawson County indictment was too remote. Finally, appellant maintains that the Dawson County conviction had been obtained in a revocation-of-probation proceeding when he was indigent and without counsel.

On direct examination, appellant testified that he was convicted in 1971 in Dallas County of burglary, three robberies, and one assault with intent to rob. In each case appellant entered a plea of guilty.

■ It is not necessary to discuss claimed error by the court in admitting the forgery convictions in light of the fact appellant admitted on direct examination five valid prior convictions. Any error by the court in the admission of the two forgery convictions could only be harmless. *Thompson v. State,* 537 S.W.2d 732 (Tex.Cr.App.1976). The grounds of error are overruled.

Before appellant opened his case, he requested a hearing on his motion to suppress evidence of the Dawson and Dallas County forgery convictions. The purpose of the hearing was to determine the validity of the two convictions. Appellant realized the State would use the convictions for impeachment if he testified and he, therefore, wished an advance ruling.

The district court conducted a hearing, but declined to rule in advance on the validity of the forgery convictions. The court, however, granted appellant an order in limine requiring the State to inform the court of its intent to inquire about the prior convictions before such questions were asked. Appellant, then, was without knowledge prior to taking the stand as to whether the forgery convictions were valid for purposes of impeachment.

The district court's refusal to rule in advance as to the validity of the prior forgery convictions is the subject of appellant's fifth ground of error. Appellant claims the refusal to rule in advance denied him due process of law and effective assistance of counsel. According to appellant, "It is critical for a defense attorney and client to have some knowledge, in advance, as to the validity of prior convictions in order to determine if a defendant will, *in fact,* take the witness stand in a criminal case." It seems apparent appellant desired an advance ruling on the validity of the prior forgery convictions for tactical purposes: if the prior convictions were *invalid,* he would be inclined to take the stand and testify; if they were *valid,* he would be inclined to refrain from testifying.

Under the facts of this appeal, appellant's ground of error is without merit and is overruled. It should be remembered appellant had seven prior convictions. He claimed two were invalid, *but did not contest the other five.* Appellant's thesis, based upon *this* factual situation, is as follows: he would take the stand and testify, knowing that he will be impeached with *five* admittedly valid prior convictions; but he would not take the stand and testify if he could be impeached with *seven* prior convictions. Appellant's argument is untenable. If an accused can be impeached with five prior convictions, then two more can hardly make any difference in his determination of whether or not to testify.

Appellant contends finally the district court erred in overruling his motion for mistrial made after the jury had been deliberating more than seven hours on the question of punishment. Jury deliberations on the punishment phase of the trial began at 10:15 a.m. The district court called the jury into the courtroom at 5:20 p.m. the same day to inquire whether they were deadlocked. The foreman stated the jury was deadlocked, but there was a reasonable expectation that they could reach a verdict. One juror disagreed, indicating the jury could not reach a verdict. The district court then returned the jury to the jury room. Appellant thereafter moved for a mistrial which was overruled.

Appellant contends the district court abused its discretion by not declaring a mistrial at 5:20 p.m. Appellant recognizes that his supporting authorities "stand for the proposition that a trial court *should not grant* a mistrial without giving the jury sufficient time to deliberate," but "the converse of this rule is true, and that when the jury does have *more than sufficient* time to deliberate, it is an abuse of discretion for the trial court to overrule defendant's motion for mistrial. . . ."

Texas Code Cr.P.Ann. art. 36.31 (1981) provides that "[a]fter the cause is submitted to the jury, . . . the court may in its discretion discharge it where it [the jury] has been kept together for such time as to render it altogether improbable that it can agree."

As art. 36.31 makes clear, the decision as to the length of time the jury may be held for deliberations rests in the discretion of the trial court. *Garcia v. State,* 522 S.W.2d 203, 208 (Tex.Cr.App.1975); *Williams v. State,* 476 S.W.2d 300, 305 (Tex.Cr. App.1971). In *Williams v. State, supra,* there was no abuse of discretion where the jury had deliberated for six and one-half hours and the court sent them back for

further deliberations. The jury in the case on appeal had deliberated for about seven hours when appellant moved for mistrial. In light of the fact that the foreman thought a verdict could be reached and the fact that a verdict was reached later that evening, we are of the opinion there was no abuse of discretion. The ground of error is overruled.

The judgment of the conviction is affirmed.