Jerry **PENNINGTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 971–82.

Court of Criminal Appeals of Texas, En Banc.

July 10, 1985.

Roy E. Greenwood, court appointed on appeal only, Austin, for appellant.

Ronald Earle, Dist. Atty. and Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was indicted for murder.[1] Two prior felony convictions were alleged for enhancement of punishment. The jury found appellant guilty of the lesser included offense of voluntary manslaughter. Upon proof of one of the alleged prior convictions, the jury assessed punishment at 22 years' imprisonment.

On appeal the appellant raised a number of grounds of error. His sixth ground of error read:

1. The indictment alleged the deceased to be Mary Rutherford Owens. The appellant testified she was his wife.

"The trial court erred in overruling appellant's objection to the trial court's submission to the jury of the lesser included offense of 'voluntary manslaughter' *for the reason that such lesser included offense was not raised by the evidence* and that such charge to the jury only served to confuse the jury as to the issues involved, thus permitting the jury panel in this case to 'compromise' its verdict to the detriment of the appellant." (Emphasis supplied.)

The Austin Court of Appeals overruled all grounds of error and affirmed the conviction. *Pennington v. State,* 644 S.W.2d 64 (Tex.App.-Austin 1982). In overruling the sixth ground of error, the Court of Appeals held that if the evidence raises the issue of a lesser included offense a charge thereon is properly given, and that a defendant does not, however, have an exclusive proprietary interest in lesser included offense charges to the jury. The court concluded the evidence in the instant case was sufficient to require the submission of the charge on the lesser included offense of voluntary manslaughter.

In his petition for discretionary review, appellant argues in a sole ground of review that the Court of Appeals erred in holding the trial court properly charged on voluntary manslaughter where there was *no* evidence to support such a charge and where evidence showed jurors reached a "compromise verdict" on the unsupported lesser included offense charge.

We granted appellant's petition to determine the correctness of the Court of Appeals' disposition of appellant's sixth ground of error.

In the course of our research and examination of the record, we find that with the trial court's permission appellant's counsel orally dictated his objections to the court reporter in the court's presence. See Article 36.14, V.A.C.C.P. The record reflects the following objections as to the submission of voluntary manslaughter:

"MR. GREENWOOD (Defense Counsel): The Court has charged on voluntary manslaughter. We object to the Court's charge on voluntary manslaughter. *We do not want any lesser included offenses in the charge and we object to it; straight murder or not guilty.* Now, if the Court is of a mind to charge on voluntary manslaughter, for the same reason as any other affirmative defense we think that the Melany versus William Ayers, A-y-e-r-s opinion by the Court of Criminal Appeals would also apply in the lesser included offense situation and we would submit that if the Court is going to give that charge, that that charge is still fundamentally defective for failing to misapply the burden of proof.

"THE COURT: Now, wait a minute. Are you talking about in 6?

"MR. GREENWOOD: Yes, sir.

Keep going?

"THE COURT: Go ahead."

Later, after other oral objections to the charge, we find:

"MR. GREENWOOD: ... Of course, the reasons are that we don't want any lesser included offense in this case because the State has gotten Mr. Pennington indicted as an habitual criminal, and if he is convicted of any of these lesser included offenses, especially in view of the Court's ruling as to the validity of these prior convictions, then he goes for life anyway. So with that in mind, we object to the Court's ruling on all of those. Note our exception." [2] (Emphasis supplied.)

We have found no written objections to the charge nor any special requested charges. See Articles 36.14 and 36.15, V.A. C.C.P.

---

2. Prior to this last objection, appellant's counsel orally requested a charge on criminally negligent homicide. The court stated that if it gave that charge it would also charge on involuntary manslaughter, that it would charge on murder, voluntary manslaughter, involuntary manslaughter and criminally negligent homicide. Appellant's counsel then withdrew his request for a charge on criminally negligent homicide. The court had already agreed to give a charge on the "defense" of accident.

Article 36.14, supra, provides, inter alia, for the judge to give a written charge to the jury in each felony case. It provides in part:

"Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same *and he shall present his objections* thereto in writing, *distinctly specifying each ground of objection.* * * * The requirement that the objections dictated to the court reporter in the presence of the court and the state's counsel before the reading of the court's charge to the jury ...." (Emphasis supplied.)

■ This article is mandatory and there must be strict compliance with its provisions to warrant review. *Seefurth v. State*, 422 S.W.2d 931, 935 (Tex.Cr.App. 1967); *Templeton v. State*, 152 Tex.Cr.R. 121, 210 S.W.2d 168 (Tex.Cr.App.1948); *Cedillo v. State*, 307 S.W.2d 267 (Tex.Cr. App.1957); *Hays v. State*, 84 S.W.2d 1008 (Tex.Cr.App.1935); *Everett v. State*, 57 S.W.2d 140 (Tex.Cr.App.1933). See *James v. State*, 418 S.W.2d 513 (Tex.Cr.App.1967).

■ The real purpose of this enactment is to enable the trial judge to know in what respect the defendant regards the charge as defective and to afford him an opportunity to correct it before reading the charge to the jury. *Seefurth v. State*, supra at 936, and cases there cited. See also *Fiveash v. State*, 125 Tex.Cr.R. 345, 67 S.W.2d 881 (Tex.Cr.App.1934).

This article serves a statutory purpose in preventing the trial judge from being "sand-bagged" and in preventing unnecessary reversals. *Seefurth v. State*, supra at 936. It is a statute which the courts can neither ignore nor emasculate. See *Vinson v. State*, 179 S.W. 574 (Tex.Cr.App. 1915).

■ Thus as a predicate for complaint to a jury charge on appeal the accused is required to distinctly specify each ground of objection. *Littleton v. State*, 239 S.W. 202 (Tex.Cr.App.1922). To constitute a valid objection to jury instructions, the objection must be specific and clear enough to apprise the trial court of the nature of the objection. *James v. State*, 418 S.W.2d 513 (Tex.Cr.App.1967); *Wells v. State*, 634 (Tex.Cr.App. 868, 872 (Tex.App.-Houston [1st Dist.] 1982-pet. ref'd.). If the objection is not specific enough, nothing is presented for review. *Hackbarth v. State*, 617 S.W.2d 944 (Tex.Cr.App.1981); *Smith v. State*, 439 S.W.2d 834 (Tex.Cr.App.1969); *Cage v. State*, 320 S.W.2d 364 (Tex.Cr.App. 1959); *Bratton v. State*, 111 S.W.2d 259 (Tex.Cr.App.1938).

■ It is clear then that a general objection which does not distinctly specify the claimed error in the charge is not sufficient to preserve error. *Myers v. State*, 468 S.W.2d 847 (Tex.Cr.App.1971); *Young v. State*, 422 S.W.2d 444 (Tex.Cr.App.1968); *Crabtree v. State*, 137 Tex.Cr.R. 63, 127 S.W.2d 906 (Tex.Cr.App.1939); *Boss v. State*, 134 Tex.Cr.R. 593, 116 S.W.2d 739 (Tex.Cr.App.1937).

■ An examination of the objections made by the appellant does not show that he distinctly specified to the trial judge that he was objecting to the submission of voluntary manslaughter "for the reason that such lesser included offense was not raised by the evidence." He generally objected stating he did not want the charge, but he did not object on the ground he now urges on appeal. His sixth ground of error leaves the contrary impression. The Court of Appeals did not observe this discrepancy, apparently relying on appellant's brief. Since the trial objection to the charge did not comport with the contention on appeal, nothing was presented for review. Error presented on appeal must be the same as the objection raised before the trial court. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex. Cr.App.1980); *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979); *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.1976); *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr. App.1976). See also *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Cr.App.1981); *McIlveen v. State*, 559 S.W.2d 815 (Tex.Cr.App. 1977).

The judgment of the Court of Appeals is affirmed.

### CONCURRING OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The Austin Court of Appeals preliminarily noted: *"Over appellant's objection, the* district court charged the jury on voluntary manslaughter."[1] *Pennington v. State*, 644 S.W.2d 64, 65 (Tex.App.—Austin 1982). From its own point of view a majority of this Court would have it that appellant did not object that the evidence was insufficient to support submission of the issue, and it faults the Austin Court of Appeals for "not observ[ing] this discrepancy." In my judgment to dispose of this cause on that kind of "review" of a thoughtfully crafted opinion by a court of appeals, clearly setting forth reasons for its decision, at once demeans respective roles of this Court, courts of appeals and parties in the appellate process of our criminal justice system.

In a murder case such as this one, voluntary manslaughter is always putatively tendered by the charging instrument as a lesser included offense. Then if it is properly raised by evidence the trial judge must include an instruction on voluntary manslaughter in the charge to the jury. Article 36.14, V.A.C.C.P. Thus, in revealing to the parties that the trial court proposes to charge the jury on the lesser included offense of voluntary manslaughter, a judge is informing them of a belief by the court that the evidence does indeed raise the issue. In this kind of murder case if there are any other relevant considerations touching a determination by a trial court to include in its charge an instruction authorizing a jury to find an accused guilty of voluntary manslaughter, we have not alluded to them in prior opinions; see, e.g., *Bradley v. State*, 688 S.W.2d 847 (Tex.Cr. App.1985).

In instant cause the trial judge had prepared a proposed charge, presented it to counsel and, following preliminary discussion in chambers, returned to the courtroom "for the purpose of taking objections and suggestions." Whereupon a loose unstructured colloquy between the judge and counsel for appellant followed. It cannot be gainsaid that appellant voiced an objection "to the court's charge on voluntary manslaughter," and as shall be seen the trial judge stayed with his determination that there was sufficient evidence to warrant submitting it.

The majority chooses to focus on statements by counsel that defense *"[did] not want any lesser included offenses in the charge..."*[2] Yet that statement does not negate an objection on the only proper basis for making it, nor is that the whole story. Later on in the same colloquy appellant pointed out, "[W]e have previously objected to the Court's giving the voluntary manslaughter charge," and then, *contrary to his earlier expressions*, he requested "that the Court give a charge on criminal negligent homicide." The judge responded that, as he had said in chambers, where accident is given upon request an accused is entitled to an instruction on criminal negligent homicide, and added, "I am also of the opinion that under the same defense the facts raised is voluntary manslaughter." With that understanding and given a request for criminal negligent homicide, he said that the court would include all lesser included offenses of murder, "but I will not skip involuntary manslaughter and go to criminal negligent homicide." After private deliberations the defense withdrew its request for an instruction on criminal negligent homicide, and concluded with the statement last quoted in the majority opinion.

Accordingly, I would review the ground in this cause on the same premise as the Austin Court of Appeals: that the trial court charged the jury on voluntary manslaughter "[o]ver appellant's objection." Having done that I would find as the State asserts the evidence sufficient to warrant

1. All emphasis throughout is mine unless otherwise indicated.

2. Original emphasis is in majority opinion.

an instruction on that lesser included offense.

Therefore, I join only the judgment of the Court.

MILLER, J., joins.

TEAGUE, Judge, dissenting.

I respectfully dissent to the manner in which the majority signed and published opinion disposes of the contention that is presented on behalf of Jerry Pennington, appellant, by Hon. Roy Greenwood, his trial and appellate attorney, namely, that the trial court should not have instructed the jury on the lesser included offense of voluntary manslaughter because the evidence did not raise this offense.

Judge Clinton of this Court has both eloquently and forcefully correctly observed on several occasions this Court's present function when it comes to reviewing a decision of a particular court of appeals. Just recently he reaffirmed his belief by stating the following:

> The power and authority granted this Court is to review 'decisions of the courts of appeals.' Article V, Sec. 5, Constitution of the State of Texas; Articles 4.04, Sec. 2, 44.01 and 44.45, V.A.C.C.P. A decision flows from 'the reason for such decision' set forth in a written opinion of a court of appeals. Article 44.24, id. Thus, the discretionary function of [this] Court is to determine whether 'the reason for such decision' is correct in law. However, the majority expressly declines to address the reason given by the court of appeals for its decision to reverse the judgment of conviction in this cause, although review was granted for that very purpose. Instead, the majority favors the State with a sort of *de novo* determination of a claim that has not been presented to and decided by the court of appeals. *Laday v. State*, 685 S.W.2d 651, 653 (Tex.Cr.App.1985) (Clinton, J., Concurring Opinion.

Also see *Turner v. State*, 662 S.W.2d 357 (Tex.Cr.App.1984) (Clinton, J., Dissenting Opinion).

In this instance, the majority is acting much like an intermediate appellate court might act in reviewing a ground of error presented for review. This Court, however, is not an intermediate court, but, instead, is the supreme court of criminal appeals for the great State of Texas. The majority opinion should be quickly but gracefully withdrawn.

Greenwood asserted on direct appeal that the trial judge should not have, over his trial objections, instructed the jury on voluntary manslaughter. From the trial objections Greenwood made in the trial court, I find that Greenwood clearly demonstrated for the record that he did not want voluntary manslaughter included in the court's charge.

I also believe that then Chief Justice Phillips, and then Justice Shannon and Justice Powers of the Austin Court of Appeals, and presumably their staffs, did not suffer from myopia when they considered, and rejected, the contention Greenwood presents to us for review. See *Pennington v. State*, 644 S.W.2d 64 (Tex.App.-Austin 1982).

This Court granted appellant's petition that was prepared and filed by Greenwood in order to make the determination whether the court of appeals correctly decided Greenwood's contention. We should address appellant's contention, and not favor the parties with a sort of *de novo* determination of a claim that has not been presented to and decided by the Austin Court of Appeals.

I respectfully dissent to what the majority does in this cause.