NO. 07-01-0427-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 1, 2002

_____

ABELINO REYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 232ND DISTRICT COURT OF HARRIS COUNTY;

NO. 858332; HONORABLE MARY LOU KEEL, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

In this appeal, appellant Abelino Reyes challenges his conviction for the offense of aggravated sexual assault of a child and the resulting jury-assessed punishment of 38 years confinement in the Institutional Division of the Department of Criminal Justice. In

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

doing so, he presents two issues for our decision, *i.e.*, 1) the court's admission of an uncharged prior bad act at the punishment hearing, and 2) the trial court's failure to give appellant's requested charge on a lesser-included offense. We affirm the judgment of the trial court.

The complainant, AH, lived with her grandmother and appellant, who was her grandmother's boyfriend, from the age of seven until she was 13. She testified that when she was eight years old, appellant began to touch her on her chest and genitals. She reported this conduct to her grandmother, but her grandmother did not report it to the police. AH averred that appellant stopped touching her for about three months, but then the conduct resumed. She did not tell her grandmother again because she thought it would upset her. Later, during the summer of 1998, when AH was 11, appellant penetrated her with his penis. Later, in 1999, appellant assaulted her a second time. She then decided she could not live any longer with appellant and intentionally made him angry by moving a truck. This had the desired effect, and appellant told AH he did not want her there (with him and her grandmother) any more. Her grandmother then took AH to AH's mother's house, told her that she "couldn't handle [AH]," and left her there.

After she had been with her mother for two weeks, AH told her about the abuse. Her mother contacted the police, and they began an investigation that included a medical examination and an interview at the Children's Assessment Center. This prosecution is the result of that investigation.

2

The gist of appellant's first issue contention arises from the punishment phase testimony of AH's mother, Angelina. Over objection, Angelina testified that approximately 13 years earlier, when she was 16 and AH was two, they lived with Angelina's mother and appellant. On one occasion when her mother was away, appellant began "fondling" and moving his hand up on her leg. Angelina said she told him to stop and pushed his hand away. She also told her mother about the incident. On another occasion, Angelina testified, she was helping her mother get boxes from a shelf when appellant, in view of her mother, grabbed her breast. Her mother attempted to excuse appellant's conduct by saying he was intoxicated at the time. In response, the defense called a longtime friend of Angelina, who averred that Angelina never told her of these occurrences.

Consistent with his trial objection, appellant argues Angelina's testimony was inadmissible because it did not comply with article 38.07 of the Code of Criminal Procedure as it stood in 1988, the time of the alleged incident with Angelina. At that time, article 38.07 provided that a conviction under chapter 21 of the Penal Code could be supported upon the uncorroborated testimony of a victim under the age of 14 if, within six months of the offense, the victim had informed any person other than the defendant. Tex Code Crim. Proc. Ann. art. 38.07 (Vernon 1975) (repealed). Chapter 21 of the Penal Code includes sexual assault and indecency with a child.

The current version of article 38.07 authorizes conviction on the uncorroborated testimony of a victim under the age of 17 for the offenses of indecency with a child and

3

aggravated sexual assault.  Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon Supp. 2002). In support of his contention that the admission of Angelina's testimony was reversible error, appellant cites and relies on *Carmell v. Texas,* 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000).  However, that case is distinguishable.

In *Carmell*, the issue presented was whether the testimony of the child complainant was inadmissible because of the lack of the timely outcry required under the version of the statute in force at the time of the offense, or whether her testimony was admissible because the statute in force at the time of trial did not require such an outcry.  It was in that context that the *Carmell* court held that the constitutional prohibition against *ex post facto* laws required application of the version of article 38.07 that was in effect at the time of the offense.  However, the issue here is whether the testimony of a witness, not the defendant, about prior uncharged bad conduct is admissible at the punishment phase.  Appellant has not cited, nor have we found, any authority that supports the position that article 38.07 governs the admission of evidence at punishment.  *See Williams v. Steele*, 653 S.W.2d 517, 519 (Tex.App.--Beaumont 1983, no writ) (holding art. 38.07 is not applicable to extraneous offenses otherwise properly admitted before the jury).

The admissibility of evidence at the punishment phase of trial is governed by article 37.07 of the Code of Criminal Procedure.  In relevant part, that article provides:

> Sec. 3(a)(1) . . . evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation,

4

his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act . . . .

Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon Supp. 2002).

Moreover, even assuming *arguendo*, and only *arguendo,* that article 38.07 is applicable during the punishment phase of a trial, admission of Angelina's testimony did not violate that statute. In both incidents she said that she made outcry to her mother.[2] Article 38.07 does not require that the outcry witness actually testify. Additionally, evidence about the first incident does not establish an offense under chapter 21 of the

---

[2]Appellant, in his brief, repeatedly states there was no outcry. However, the record is unequivocal otherwise. Angelina testified:

A: . . . I pushed him away and told him I was going to tell my mom.

\* \* \*

Q: Did you tell your mom?

A: Yes, I did.

Her testimony concerning the second incident included this colloquy:

A: I was getting the box from the shelf and as I was lifting my hand, he grabbed my breast in front of my mom and my mom saw.

\* \* \*

Q: What did your mom do when she saw that?

A: My mom said he was drunk.

5

Code. The nearest offense defined under chapter 21 would be indecency with a child (§ 21.011), which requires exposure or "sexual contact" defined as "touching of the anus, breast, or any part of the genitals." Section 21.01(2) (defining sexual contact). At most, the testimony established misdemeanor assault as defined in section 22.01(a)(3) of the Penal Code. Also, assuming that the testimony concerning the second incident was sufficient to establish the offense of indecency with a child, its admission would not violate article 38.07 because Angelina did make an outcry to her mother. Appellant's first issue is overruled.

In his second issue, appellant contends that the trial court reversibly erred in failing to charge the jury on the lesser-included offense of indecency with a child. Parenthetically, the State does not deny that indecency with a child can be a lesser-included offense of aggravated sexual assault. *See Ochoa v. State*, 982 S.W.2d 904, 908 (Tex.Crim.App. 1998). In response, the State initially argues that appellant failed to preserve his complaint because his requested instruction was not sufficiently specific. The requested instruction was as follows:

Court: Any objections to the charge?

Defense: We would request the lesser included offense of indecency with a child.

Court: Denied.

Defense: And one more lesser included would be a simple assault.

Court: Denied.

6

Citing *Reyes v. State*, 910 S.W.2d 585, 592 (Tex.App.--Amarillo 1995, pet. ref'd), and *Jiminez v. State*, 953 S.W.2d 293, 298 (Tex.App.--Austin 1997, pet. ref'd), the State contends that to preserve error, appellant must have specified in his request which of the alternative manners of committing the offense he wanted in the charge. We disagree.

In *Reyes*, the trial objection was to the submission of a parties charge, while the objection on appeal was that the evidence was insufficient to support the theory charged. 910 S.W.2d at 593. Because the appeal challenge was different from that made at trial, we held it was insufficient to preserve the question. *Id.* However, *Jiminez* is factually similar in that it also involved a charge of aggravated sexual assault and a request for a charge on the lesser-included offense of indecency with a child. 953 S.W.2d at 298. *Jiminez* held the trial court reversibly erred in refusing the charge because the objection with accompanying argument was sufficiently specific to clearly identify to the trial court the basis of the objection, even though a special requested charge was not tendered. *Id.*

We do not agree with the State that these cases show the inadequacy of appellant's request to preserve error. *Reyes* is distinguishable because the alleged error was not preserved for appellate review because of the variance between the trial objection and the appellate contention. No such discrepancy exists here. Also, although the *Jiminez* court mentioned the argument supporting the objection there, the failure to present a supporting trial argument here does not prevent the request from being sufficiently specific to inform the trial court of the asserted charge deficiency.

In criminal cases, requests and objections to the court's charge are governed by article 36.14 of the Code of Criminal Procedure (Vernon 1981), and its requirements are exclusive.[3] The statute requires that requests and objections to the court's charge be in writing, but that requirement is met by an objection or request dictated into the record. *Id.* With regard to the necessary specificity of the request or objection, the Court of Criminal Appeals has instructed "the objection must be specific and clear enough to apprize the trial court of the nature of the objection." *Pennington v. State,* 697 S.W.2d 387, 390 (Tex.Crim. App. 1985). Appellant's request was sufficient to meet this requirement.

The seminal case discussing the standard for determining when a charge on a lesser-included offense must be given is *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App. 1991). On original submission, the court quoted from *Sansone v. U.S.*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), the comment that "a lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." *Royster,* 622 S.W.2d at 444. On rehearing, the court reexamined the issue, and explicated a two-step analysis to be used in determining when such an instruction was required. As explicated, the analysis requires, first, the lesser-included offense must be included within the proof necessary to establish the offense charged, and second, there must be some evidence that if the defendant is guilty, he is only guilty of the lesser offense. *Id.* at 446. The

_____

[3]The statute expressly provides "compliance with the provisions of this Article is all that is necessary to preserve for review the exceptions and objections presented to the charge . . . ."

evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Westbrook v. State*, 29 S.W.3d 103, 113-14 (Tex.Crim.App. 2000), *cert. denied*, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). In *Jiminez,* the Austin Court of Appeals noted, "an issue whether the defendant is guilty only of a lesser included offense is raised if there is evidence that affirmatively rebuts or negates an element of the greater offense, or if the evidence is subject to different interpretations, one of which rebuts or negates the crucial element." *Jiminez,* 953 S.W.2d at 299 (*citing Schweinle v. State*, 915 S.W.2d 17, 19 (Tex.Crim.App. 1996)). *See also* Tex. Code Crim. Proc. 37.09 (Vernon 1981).

Supporting his proposition that a charge should have been given, appellant argues, "the only distinguishing factor between the greater and lesser offense is the allegation of penetration." Our evaluation of this argument requires that we examine the indictment and the elements of both offenses. Tracking the elements of section 22.021, the indictment alleged appellant 1) intentionally and knowingly 2) caused the penetration of AH's sexual organ 3) by his sexual organ, and 4) she was younger than 14 years of age at the time. As relevant here, the elements of indecency with a child are that the actor 1a) engages in sexual contact, defined to include touching the genitals of another person, or 1b) with intent to gratify sexual desires, exposes his genitals or causes the victim to expose his or her genitals, and 2) the victim is younger than 17.

9

Under section 22.021, a person can also commit aggravated sexual assault by causing their sexual organ to contact the sexual organ of another. Tex. Pen Code Ann. § 22.021(a)(B)(iii) (Vernon 1994). Had the State alleged both means of committing aggravated sexual assault, a dispute on the issue of penetration would not implicate the lesser-included offense of indecency with a child. However, here, the State's decision to allege on specific means of committing the greater offense limits it to obtaining a conviction based on evidence of the conduct alleged. *See Jacob v. State*, 892 S.W.2d 905, 907 (Tex.Crim.App. 1995). Thus, under these facts, the element that distinguishes the offense actually charged here from a lesser-included offense of indecency with a child is that of penetration.

As the *Jiminez* court noted, to be entitled to a lesser offense charge, there must be evidence that affirmatively rebuts or negates an element of the greater offense. To satisfy that test, appellant points to the testimony of the State's expert witnesses. Dr. Cliff Mishaw said he performed an examination of AH and found no physical or psychological evidence establishing or disproving sexual abuse. State's witness Dr. Margaret McNeese, who had not examined AH, gave her expert opinion on the occurrence or non-occurrence of physical evidence of penetration. She described a study involving female children whose penetration had been established by admission or direct eyewitness testimony. In that study, 70 percent of the children did not exhibit physical evidence of penetration.

10

Appellant argues that the testimony of these two witnesses showed at least a 30 percent margin for error, which, he reasons, "raises a substantial question on the issue of penetration." We disagree with that characterization of the evidence and that conclusion. The experts' testimony does not show that physical examinations have a significant margin of error, but rather that a "normal" examination, namely, one that does not show evidence of penetration, is of limited probative value. Here, there was direct evidence by AH of penetration. The experts' testimony was to the effect that the absence of physical evidence does not disprove penetration. Consequently, that evidence did not affirmatively rebut or negate an element (penetration) of the greater offense. *Jiminez,* 953 S.W.2d at 299. That being true, appellant was not entitled to an instruction on the lesser-included offense of indecency with a child. Appellant's second issue is overruled.

In sum, both of appellant's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

11